COMMONWEALTH of Pennsylvania,
Appellee,

v.

Edna L. GREEN, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 9, 2004.

Filed Nov. 16, 2004.

**614**

Parviz Ansari, Bellefonte, for appellant.

Nathan L. Boob, Asst. Dist. Atty., Bellefonte, for Com., appellee.

BEFORE: FORD ELLIOTT, JOYCE, STEVENS, MUSMANNO, LALLY-GREEN, TODD, KLEIN, BENDER, and BOWES, JJ.

OPINION BY JOYCE, J.:

¶ 1 Appellant, Edna L. Green, appeals from the judgment of sentence imposed by the trial court on July 22, 2002. The sentence was imposed subsequent to a jury trial in which Appellant was found guilty of terroristic threats, and a bench trial in which Appellant was found guilty of the summary offense of harassment. After careful review, we quash this appeal.

¶ 2 The record reveals the following chronology of events. On December 27, 2001, Appellant was involved in an altercation with her neighbors, Daryl Peters and his wife, Monica Peters. As a result of this incident, Appellant was charged with several offenses. On May 7, 2002, a jury trial was held at the conclusion of which the jury found Appellant guilty of terroristic threats [1] and not guilty of simple assault.[2] The trial court found Appellant guilty of the summary offense of harassment.[3] The court then ordered a Pre-Sentence Investigation report and sentencing was scheduled.[4]

¶ 3 On July 22, 2002, the trial court sentenced Appellant to four years' probation and ordered her to pay a fine in the amount of $250.00 plus costs. Appellant was also ordered to have no contact with Daryl Peters and his wife, Monica Peters. Although the sentence was imposed on July 22, 2002, the order of sentence was filed (docketed) on July 31, 2002.

¶ 4 On August 2, 2002, Appellant filed her post-sentence motion alleging that the jury verdict was against the weight of the evidence, and seeking arrest of judgment or a new trial. Appellant also sought a modification of her sentence. Without explanation, in an order dated August 13, 2002 (docketed August 15, 2002), the trial court released Appellant from probation supervision and revoked all costs and fines imposed on Appellant. On August 16, 2002, the trial court entered an order (docketed on August 19, 2002) denying Appellant's post-sentence motion. Thereafter, on September 12, 2002, Appellant appealed to this Court. The trial court ordered Appellant to file a concise statement of matters complained of on appeal (Pa.R.A.P. 1925(b)) and she complied.

¶ 5 On appeal, the single issue raised by Appellant is "whether the trial court erred in denying [Appellant's] post-sentence motions when the jury's verdict was contrary to the weight of the evidence as no reasonable jury could have found [Appellant] guilty of making terroristic threats and when such verdict should have shocked the

---

1. 18 Pa.C.S.A. § 2706(a)(1).

2. 18 Pa.C.S.A. § 2701(a)(1).

3. 18 Pa.C.S.A. § 2709(a)(1).

4. Appellant waived her right to be sentenced within 90 days.

trial court's sense of justice?" Brief for Appellant, at 6 (capitalization omitted).

■ ¶ 6 Before addressing the merits of Appellant's claim, we must address the timeliness of this appeal as it implicates our jurisdiction. *Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 587 (1999) (appellate courts may consider the issue of jurisdiction *sua sponte*). Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal. *Commonwealth v. Miller*, 715 A.2d 1203, 1205 (Pa.Super.1998). In the case at bar, the focus of our inquiry is whether Appellant's post-sentence motion, which was filed on August 2, 2002, was timely even though Appellant's sentence was pronounced on July 22, 2002 but was docketed on July 31, 2002. As we will explain below, the timeliness of Appellant's post-sentence motion relates to the timeliness of Appellant's notice of appeal.

¶ 7 Rule 720(A)(1) of the Pennsylvania Rules of Criminal Procedure provides as follows: "(1) Except as provided in paragraph (D) [dealing with summary cases], a written post-sentence motion shall be filed no later than 10 days after **imposition** of sentence." *Id.* (emphasis added). Herein, Appellant was sentenced on July 22, 2002. Pursuant to Rule 720(A)(1), Appellant had ten days from July 22, 2002 or until August 1, 2002, to file her post-sentence motion. Although dated August 1, 2002, Appellant's post-sentence motion was entered on the docket on August 2, 2002. Using the date on which the sentence was entered on the docket (July 31, 2002), Appellant's post-sentence motion would appear to be timely. However, utilizing the date on which Appellant's sentence was pro-

nounced (July 22, 2002), Appellant's post-sentence motion would be untimely.

¶ 8 Against the above background we must determine whether the beginning of the ten-day period prescribed in Pa. R.Crim.P. 720(A)(1) refers to the date the sentence was pronounced or the date the sentence was entered on the docket. In our view, the beginning of the ten-day period refers to the date the sentence was pronounced and not the date the sentence was entered on the docket.

¶ 9 First, Pa.R.Crim.P. 720(A)(1) specifically refers to the date of imposition of sentence. Similarly, the comment to Rule 720(A)(1) also specifically refers to the date of imposition of sentence. Neither the rule nor the comment thereto refers to the date on which the sentence was docketed. These are strong indicators that in promulgating and adopting Rule 720(A)(1), the Pennsylvania Supreme Court intended the date of imposition of sentence as the reference point for computing the time for filing post-sentence motions and not the date on which the sentence was docketed. Secondly, had the intent been to begin the ten-day period on the date on which the sentence was docketed, it could have used the term "the date of entry"[5] of the sentence. For instance, in other provisions of Pa.R.Crim.P. 720(A), the term "date of entry" was used as shown below:

(2) If the defendant files a timely post-sentence motion, the notice of appeal shall be filed:

(a) within 30 days of the entry of the order deciding the motion;

(b) within 30 days of the entry of the order denying the motion by operation

---

**5.** The use of the term "date of entry of an order" has been interpreted to mean the date of docketing of the order. *See e.g.* Pa.R.A.P. 108 (stating that the day of entry of an order shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties, or if such delivery is not otherwise required by law, the day the clerk or office of the government unit makes such copies public).

of law in cases in which the judge fails to decide the motion; or

(c) within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.

Pa.R.Crim.P. 720(A)(2). Along the same lines, the word entry was used in Pa. R.Crim.P. 720(A)(4) which provides that: "If the Commonwealth files a motion to modify sentence pursuant to Rule 721, the defendant's notice of appeal shall be filed within 30 days of the entry of the order disposing of the Commonwealth's motion." *Id.*

¶ 10 Another strong indication that the intent behind utilizing the date of imposition of sentence as the reference point rather than the date of docketing is Pa. R.Crim.P. 720(A)(3), which provides that "[i]f the defendant does not file a post-sentence motion, the defendant's notice of appeal shall be filed within **30 days of imposition of sentence**, except as provided in paragraph (A)(4)." *Id.* (emphasis added). The Comments to Pa.R.Crim.P. 720(A)(3) also reaffirm that "[i]f no timely post-sentence motion is filed, the defendant's appeal period runs from the date sentence is imposed."

¶ 11 Since Pa.R.Crim.P. 720(A)(1) and Pa.R.Crim.P. 720(A)(3) refer to the date of imposition of sentence but referred to the date of entry of an order in other aspects of Pa.R.Crim.P. 720, this shows that the reference to the date of imposition of sentence in Pa.R.Crim.P. 720(A)(1) was not by inadvertence. Accordingly, we must accept and apply the specific language of Pa.R.Crim.P. 720(A)(1). Pursuant to that language, the beginning of the ten-day period refers to the date of imposition of

sentence and not necessarily the date the sentence was entered on the docket.[6]

¶ 12 Although the specific issue of whether date of imposition of sentence and not the date of docketing of the sentence should be utilized in computing the ten-day period for filing a post-sentence motion has not been addressed by our Courts, in computing this ten-day period, our Courts have often utilized the date of imposition of sentence as the reference point. These instances constitute implicit recognition that the date of imposition of the sentence should be used in the computation.

¶ 13 In *Commonwealth v. Felmlee*, 828 A.2d 1105, 1106–1107 (Pa.Super.2003) (*en banc*), we began our discussion of the issue of the untimeliness of Appellant's post-sentence motion by noting that "our initial review of the record in this matter ... appears to indicate that Appellant's post-sentence motion was filed 13 days **after the imposition of sentence**, which would make it untimely. *Id.* (emphasis added). We also noted that: "After receipt of [the] [a]ppellant's guilty plea the trial court imposed sentence on November 30, 2000. [The] [a]ppellant had until Monday, December 11, 2000, in which to file his post-sentence motion." *Id.* at 1107. From the above, it can be seen that the ten-day period was computed using the date of imposition of sentence. There was no reference to the date on which the sentence was docketed.

¶ 14 In *Commonwealth v. Dreves*, 839 A.2d 1122 (Pa.Super.2003), while addressing the issue of post-sentence motions, we noted that Dreves' sentence was imposed on May 10, 2001. *Id.* at 1125. Dreves filed his post-sentence motion on May 30, 2001, twenty days after the imposition of sentence. *Id.* at 1126. Ultimately, we

---

**6.** *Of* course, the sentence can be entered on the docket the same day the sentence is im-

posed.

determined that pursuant to Rule 720(A)(1), Dreves had ten days from May 10, 2001 to file his post-sentence motion, and that the post-sentence motion filed on May 30, 2001 was clearly untimely. *Dreves, supra,* at 1126. This is yet another instance in which our Court relied on the date of imposition of sentence in computing the ten-day period within which a post-sentence motion must be filed. Again, there was no reference to the date on which the sentence was docketed.

¶ 15 In *Commonwealth v. Hockenberry,* 455 Pa.Super. 626, 689 A.2d 283, 288 (1997), we were faced with a situation where the appellant filed an untimely post-sentence motion in which he raised issues implicating the legality of his sentence. In our brief discussion of the timeliness issue, we noted that:

> A motion to modify sentence must be filed within ten days of the imposition of the sentence, and an appeal from sentence must be filed within thirty days. Appellant was informed of these time limitations at the time of sentencing. N.T., 10/31/95, at 15. He filed the motion to modify his sentence over nine months after sentence was imposed. Normally, his sentencing claims would be waived.

*Hockenberry,* 689 A.2d at 288. Notably, the above discussion focused on the date of imposition of sentence without reference to the date the sentence was docketed.

■ ¶ 16 The foregoing discussion leads us to conclude that for purposes of Pa. R.Crim.P. 720(A)(1), regardless of the date the sentence was entered on the docket, a written post-sentence motion must be filed no later than 10 days after the date of imposition of sentence. If for some reason, the sentence was not entered on the docket the day the sentence was imposed, a defendant who wishes to file a post-sentence motion must still do so no later than 10 days after the date of imposition of sentence. This interpretation comports with the plain language of Pa.R.Crim.P. 720(A)(1).

¶ 17 From a practical standpoint, the above interpretation is quite reasonable. Trial courts are required to inform defendants of their right to file post-sentence motions as well as the time period within which such motions must be filed. Since trial courts normally provide this information immediately after the imposition of sentence, informing the parties that a post-sentence motion must be filed no later than 10 days after the date of imposition of sentence presents a much clearer picture of the time frame involved. On the other hand, trial courts often do not know and have little or no control over when the sentence will be docketed. Docketing is normally the responsibility of the clerk of courts or the prothonotary. Thus, it would be very confusing and would create uncertainty if trial courts were to inform defendants that they must file post-sentence motions no later than 10 days after the docketing of the sentence when trial courts do not even know when the sentence will be docketed. This would saddle defendants with the task of determining when a sentence has been docketed in order to ascertain the period within which a post-sentence motion must be filed. In our view, the better course is to interpret Pa. R.Crim.P. 720(A)(1) as providing that, regardless of the date the sentence was entered on the docket, a written post-sentence motion must be filed no later than 10 days after the date of imposition of sentence.

■ ¶ 18 Applying the aforementioned interpretation to the instant case, it can be seen that since Appellant's sentence was imposed on July 22, 2002, Appellant was required to file her post-sentence motion no later than 10 days after July 22, 2002.

In other words, Appellant had until August 1, 2002. *See* 1 Pa.C.S.A. § 1908.[7] It is noteworthy that August 1, 2002 did not fall on a Saturday or a Sunday, and it was not a legal holiday. *See id.* Appellant's post-sentence motion was filed on August 2, 2002. Pursuant to Pa.R.Crim.P. 720(A)(1), it was filed in an untimely fashion irrespective of the fact that the sentence was docketed on July 31, 2002.

¶ 19 Ordinarily, if a defendant does not file a post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence. Pa.R.Crim.P. 720(A)(3). However, under Pa.R.Crim.P. 720(A)(2):

> (2) **If the defendant files a timely post-sentence motion**, the notice of appeal shall be filed:
>
> (a) within 30 days of the entry of the order deciding the motion;
>
> (b) within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion; or
>
> (c) within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.

*Id.* (emphasis added). From the above, it can be seen that the time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion. The Comment to Rule 720 emphasizes this point as follows: "If no timely post-sentence motion is filed, the defendant's appeal period begins to run from the date sentence is imposed." Thus, where the defendant does not file a timely post-sentence motion, there is no basis to permit the filing of an appeal beyond 30 days after the imposition of sentence. This interpretation of Rule 720(A)(3) is amply supported by this Court's recent decision in *Commonwealth v. Bilger,* 803 A.2d 199 (Pa.Super.2002), *appeal denied,* 572 Pa. 695, 813 A.2d 835 (2002) in which we stated:

> As can be readily observed by reading the text of Rule of Criminal Procedure 720, ordinarily, when a post-sentence motion is filed an appellant has thirty (30) days from the denial of the post-sentence motion within which to file a notice of appeal. However, by the explicit terms of Pa.R.Crim.P. 720(A)(2), the provision allowing thirty days from the denial of post-trial motions is contingent upon the timely filing of a post-trial motion.

*Bilger,* 803 A.2d at 201. We further opined that "in order for the denial of post-sentence motions to become the triggering event, **it is necessary that the post-sentence motions be timely filed.** Second, absent a **timely** filed post-sentence motion, the triggering event remains the date sentence is imposed." *Id.* at 202 (emphasis added).

¶ 20 In the case at bar, since Appellant did not file a timely post-sentence motion, her appeal period began to run from the date sentence was imposed, i.e., July 22, 2002. Accordingly, Appellant's notice of appeal, which was filed on Sep-

---

7. 1 Pa.C.S.A. § 1908 provides as follows:

   When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

   *Id.*

tember 12, 2002, more than fifty days after the imposition of sentence, was clearly untimely. *See* Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken"). We are therefore, constrained to quash Appellant's appeal as untimely. *See Commonwealth v. Anwyll,* 333 Pa.Super. 453, 482 A.2d 656, 657 (1984) (it is well established that when an Act of Assembly fixes the time within which an appeal may be taken, a court may not extend the time for filing an appeal).

¶ 21 In *Felmlee, supra,* this Court observed that:

Only a timely-filed post-sentencing motion will trigger an extension of the time for filing a notice of appeal. Pa. R.Crim.P. 720(A)(2). If indeed Appellant's motion was untimely filed, the notice of appeal subsequently filed after the trial court considered and ruled on Appellant's motion, in excess of 30 days from the original judgment of sentence, would be untimely. Pa.R.A.P. 720(A)(3) [sic [8]].

*Felmlee,* 828 A.2d at 1107 n. 1.

¶ 22 Our decision today is consistent with and contemplates other rules pertaining to post-trial practice such as Rule 720(A)(3). We cited Rule 720(A)(2)(a)-(c), Rule 720(A)(3), and Rule 720(4), as strong indications that the Rules intentionally referred to the date of entry of an order or sentence in these rules while in Rule 720(A)(1), the reference is to the date of imposition of sentence. *See* pages 615–16, *supra.*

¶ 23 We have no reason to assume that the Supreme Court Rules Committee does not know the difference between the date a sentence is imposed and the date a sentence is entered on the docket. If indeed the Committee referred to the date of imposition of sentence when it intended to refer to the date of entry of the sentence on the docket, we invite the Committee to amend the rule accordingly. However, as it is written, Rule 720(A)(1) clearly refers to the date of imposition of sentence. The date of imposition of sentence is the date a trial court pronounces the sentence. It is implausible to argue that the date on which the trial court pronounces the sentence is not the date on which sentence is imposed.

¶ 24 It is noteworthy that in other matters dealing with sentencing, the date of imposition of sentence has been interpreted as the date of pronouncement of the sentence. For instance, under Pa. R.Crim.P. 704(A), the sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of guilty pleas or *nolo contendere.* It is significant to note that in determining whether a sentence was imposed within 90 days of conviction or plea, our courts have never used the date of entry or docketing of the sentence in affixing the date sentence was imposed. Rather, our courts have utilized the date of the sentencing hearing, that is, the date the sentence was pronounced. *See generally, Commonwealth v. Anders,* 699 A.2d 1258, 1260–62 (Pa.Super.1997) *reversed on other grounds by Commonwealth v. Anders,* 555 Pa. 467, 725 A.2d 170 (1999);* (interpreting former Rule 1405, requiring that sentence be imposed within 60 days of conviction or plea). Furthermore, in commenting on Rule 704(A)(1) (dealing with the requirement that sentence be imposed within 90 days), the Rules Committee stated as follows: "As a general rule, the date for sentencing

8. The correct citation is Pa.R.Crim.P. 720(A)(3).

should be scheduled at the time of conviction or entry of a plea of guilty or *nolo contendere.*" If indeed the date of sentencing is synonymous with the date of docketing of the sentence, it is difficult to imagine how the trial court can schedule sentencing after conviction or plea since the docketing of a sentence is a ministerial act performed by the trial court's prothonotary or the clerk of courts and the trial court has little or no control over when a sentence is docketed.

■ ¶ 25 Also, it is axiomatic that prior to the imposition of sentence, a defendant is entitled to the right of allocution. *See Commonwealth v. Hague*, 840 A.2d 1018, 1020 (Pa.Super.2003) ("the significance of allocution lies in its potential to sway the court toward leniency prior to imposition of sentence. Permitting the defendant to speak after sentence has been imposed fails to meet the essence of the right of allocution."). If "imposition of sentence" means "entry of the sentence on the docket", a defendant's right to allocution is violated only if he was not permitted to speak prior to the docketing of the sentence. We have found no Pennsylvania cases that interpret a defendant's right of allocution in that manner. If "imposition of sentence" means docketing of the sentence, and since in some cases the sentence is docketed days after its pronouncement, the above quote in *Hague* would permit a sentencing court to deny a defendant his right of allocution prior to the pronouncement of the sentence if the court permits the defendant to exercise this right in the interim period before the docketing of the sentence. This would be an absurd interpretation of the right of allocution. *See Hague, supra. See also Commonwealth v. Thomas*, 520 Pa. 206, 553 A.2d 918, 919 (1989) (holding that a trial court must inform a defendant of his right to speak prior to being sentenced,

and that the case must be remanded for resentencing at which time the court will inform the defendant of his right to speak and will hear the defendant, should he choose to speak, prior to reimposition of sentence).

¶ 26 As a practical matter, with very few exceptions (such as when the court grants bail pending appeal), a defendant begins to serve his or her sentence immediately after the pronouncement of the sentence. The pronouncement of the sentence is not merely informational. It is the actual imposition of the penalty. If it were merely informational, there would be no need to afford the defendant the right of allocution so as to attempt to sway the court toward leniency prior to the pronouncement of the sentence. Additionally, when a defendant is led from the courtroom after he or she is sentenced to begin serving a term of incarceration, that time is included in the computation of the time spent serving the sentence. *See generally* 42 Pa.C.S.A. § 9760. It would be unreasonable to believe that the days spent incarcerated between the time the sentence is imposed and the date the sentence is entered on the docket would not count towards the defendant's service of the sentence.

¶ 27 Other aspects of the Pennsylvania Rules of Criminal Procedure also suggest that the date of imposition of sentence is the date of pronouncement of the sentence. Under Rule 702(B), "[a]fter a finding of guilt and before the imposition of sentence," the sentencing judge may order the defendant to undergo a psychiatric or psychological examination. If "imposition of the sentence" (under Rule 720(A)(1)) were to mean "docketing of the sentence", Rule 702(B) would permit a sentencing judge to order a defendant to undergo a psychiatric or psychological examination after the pronouncement of the sentence but before the docketing of the sentence. In other

words, since in many cases the sentence is not docketed on the same day it is pronounced, this interpretation would permit a sentencing court to pronounce a sentence in one day, and then at a later date prior to the docketing of the sentence, order the defendant to undergo a psychiatric or psychological examination. We are aware of no cases employing this interpretation. A correct reading of Rule 702(B) illustrates that it permits a sentencing judge to order the defendant to undergo a psychiatric or psychological examination after conviction but before the pronouncement of the sentence. The psychiatric and/or psychological examination are clearly meant to assist the sentencing judge in pronouncing or imposing the sentence. Significantly, Rule 702 is entitled "Aids in Imposing Sentence."

¶ 28 In summary cases, under Pa. R.Crim.P. 462(F), following a *de novo* trial, "the verdict and sentence, if any, shall be **announced in open court immediately** upon the conclusion of the trial." *Id.* (emphasis added). In commenting on the time period within which a sentence must be imposed, the comments to Pa.R.Crim.P. 704(A)(1), contrasted that rule with the sentencing in summary cases, stating as follows: "In summary appeal cases, however, sentence must be **imposed immediately** at the conclusion of the *de novo* trial." Pa.R.Crim.P. 704(A)(1) Comment. (Emphasis added). Thus, the Rules Committee in the above instance equated the time a sentence is **announced** in open court with the time the sentence is **imposed**. Further, as we previously noted, the docketing of a sentence is a ministerial act performed by the trial court's prothonotary or the clerk of courts and the trial court has little or no control over when a sentence is docketed. Against this background, if "imposition of the sentence" is synonymous with "docketing of the sentence," it is difficult to imagine how a trial court in a summary case can impose a sentence immediately at the conclusion of the *de novo* trial as required by Rule 462(F).

¶ 29 Based on the foregoing discussion, we reiterate that under Pa.R.Crim.P. 720(A)(1), the date of imposition of the sentence is the date the sentencing court pronounces the sentence. Therefore, we conclude that in the instant case, Appellant's post-sentence motion was filed in an untimely fashion. Appellant's notice of appeal was also untimely as it was filed more than 30 days after the imposition of sentence. Accordingly, we must quash this appeal.

¶ 30 Appeal quashed.

¶ 31 KLEIN, J. files a Concurring Statement.

¶ 32 FORD ELLIOTT, J. files a Concurring and Dissenting Opinion, joined by KLEIN, J., BENDER, J. and BOWES, J.

## CONCURRING STATEMENT BY KLEIN, J.:

¶ 1 I fully agree with the thorough discussion of the law by Judge Joyce and the conclusion of the majority that the time for filing a post-sentence motion begins when the judge pronounces the sentence in court. This is the date when the sentence is "imposed," not the date when the clerk puts it on the docket.

¶ 2 I also recognize that this Court is bound to quash the appeal under two *en banc* opinions, *Commonwealth v. Felmlee*, 828 A.2d 1105 (Pa.Super.2003) and *Commonwealth v. Dreves*, 839 A.2d 1122 (Pa.Super.2003). I also realize that this Court has twice held that if a lawyer misses the ten-day deadline for filing a post-sentence motion, he or she has to appeal within 30 days. Otherwise, the only reme-

dy is a post-conviction petition alleging ineffectiveness of counsel for missing the deadline.

¶ 3 I recognize that Don Quixote probably had a better chance tilting at windmills than I have in trying to change this result. However, for the reasons stated in my concurring opinion in *Felmlee* and my dissenting opinion in *Dreves,* I still think the current state of the law imposing such an absolute deadline for the filing of post-sentence motions ignores the reality of criminal trial practice and results in frequent injustice. Because of the inevitable increase in PCRA petitions, it will result in **slower** dispositions of these claims rather than fulfilling its objective of **quicker** dispositions.

¶ 4 I wonder if there was any significant input from criminal trial lawyers when Pa. R.Crim.P. 720 was drafted. It appears the motivation of the rule was to speed up appeals. Occasionally, there were problems when for one reason or another a trial judge would delay ruling on post-verdict motions for a long period of time. In these cases, the appeal process was delayed and in some rare cases, a defendant with a meritorious claim remained in prison for a long time until the appeal was finally decided by this Court.

¶ 5 But sentencing often takes place relatively quickly after the trial, before the notes of testimony are transcribed. Most lawyers with a substantial private criminal practice have to be very busy to make a living. Frequently, they no sooner finish one trial than they are called to court before another judge in another trial. They must allow some time in the office to prepare briefs, meet with clients, return telephone calls and tend to other office business.

¶ 6 If a post-sentence motion is going to be meaningful, a thorough review of the case is necessary. A lawyer focusing on winning a case before a jury cannot always note every ruling that might give him or her grounds for appeal. While many judges may honor a request to supplement a post-sentence motion after the notes of testimony are transcribed, there is no requirement that this be done.

¶ 7 The situation gets even more difficult if a defendant, dissatisfied with trial counsel's performance, retains a new lawyer after sentencing. How can a newly-retained lawyer, without notes of testimony, prepare a reasonable post-sentence motion within ten days? The lawyer might even have trouble speaking to the client, who in busy jurisdictions will be immediately shipped from the county to a state prison to alleviate overcrowding in county jails. This was the case in *Felmlee.*

¶ 8 The rule also creates a problem for trial judges. If a post-sentence motion is timely, the trial judge should consider it and **not** vacate the sentence. Pa. R.Crim.P. 720(B)(3). But if it is **not** timely, we now say that the trial judge should not consider it. In that circumstance, to grant relief, the trial judge must act within 30 days after sentencing while he or she still has jurisdiction, 42 Pa.C.S.A. § 5505. Therefore, to consider an *untimely* motion, he or she *must* vacate the sentence within 30 days to consider the application or the time for appeal runs. Our Court sometimes divides on whether or not a post-sentence motion is timely. If the judge assumes it is timely and sets a hearing, months later it may be determined that it is **not** timely and therefore what would have been an avenue for appeal for the defendant is lost.

¶ 9 Particularly when the trial judge schedules a hearing within thirty days of the imposition of sentence and the Commonwealth does not object, I do not believe it is proper or just for our Court,

often on its own motion, to quash the appeal many months later. If this is what the rules require, than the rules should be changed.

¶ 10 It is my view that the ten-day period to file the motion did not come down from Mount Sinai, is not jurisdictional, can be waived by the Commonwealth, and should not override the trial judge's general power to allow a *nunc pro tunc* filing.

¶ 11 As I noted in *Dreves,* Pa.R.Crim.P. 101 provides that the procedural rules "are intended to provide for the just determination of every criminal proceeding," and "shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." 839 A.2d at 1131. As currently interpreted, Pa.R.Crim.P. 720 falls woefully short of that goal.

## CONCURRING AND DISSENTING OPINION BY FORD ELLIOTT, J.:

¶ 1 While I join in the majority's decision to quash this appeal as untimely and also its interpretation of Rule 720's requirements regarding the timely filing of post-trial motions, I cannot join that part of the opinion which would require that an appeal be filed within 30 days of the imposition of sentence. I am concerned that such an interpretation creates a conflict with the Rules of Appellate Procedure.[9]

¶ 2 Rule 720 governs Post–Sentence Procedures and Appeal—however, the Rules of Appellate Procedure and 903 control what constitutes an appealable order and the timing of an appeal.

Pa.R.App.P. 301(a):

**(a) Entry upon docket below.** No order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court. Where under the applicable practice below an order is entered in two or more dockets, the order has been entered for the purposes of appeal when it has been entered in the first appropriate docket.

Pa.R.App.P. 301(c):

**(c) Nonappealable orders.** A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, does not constitute an appealable order. Any such order shall be docketed before an appeal is taken.

Pa.R.App.P. 903(a):

**(a) General rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.

¶ 3 The imposition of sentence language in 720 is identical to previous Rule 1410 which created the optional post-trial motion practice effective in 1994. Cases interpreting the language of the optional post-trial motions rules have required the *entry* of sentence to govern a timely appeal. Interestingly, in *Commonwealth v. Ledoux,* 768 A.2d 1124 (Pa.Super.2001), we reviewed the language of prior Pa. R.Crim.P. 1411 (now renumbered as 721) addressing the Commonwealth's right to challenge a sentence in the trial court and on appeal:[10]

---

9. "These rules govern practice and procedure in the Supreme Court, the Superior Court and the Commonwealth Court, *including procedure in appeals to such courts from lower courts* and the procedure for direct review in such courts of determinations of government units." Pa.R.App.P. 103 (emphasis added).

10. The relevant parts of prior Rule 1411, now 721, are as follows:

   (A) Commonwealth Challenges to Sentence
   (1) The Commonwealth may challenge a sentence by filing a motion to modify sentence, by filing an appeal on a pre-

*Where the defendant has not filed post-sentence motions, the Commonwealth's notice of appeal is due within 30 days of the entry of the order imposing sentence.* Pa.R.Crim.P. 1411(B)(2)(a)(ii). The Commonwealth may file post-sentence motions under Pa.R.Crim.P. 1411(A)(1) and such motions must be filed within 10 days of the date that sentence was imposed. Pa.R.Crim.P. 1411(B)(1). If the Commonwealth files a **timely** post-sentence motion, the Commonwealth's notice of appeal is due 30 days after the trial court disposes of the motion. Pa.R.Crim.P. 1411(B)(2)(b)(ii).

Here, the record reflects that the judgment of sentence was imposed on October 22, 1999. The Commonwealth's post-sentence motion was filed November 9, 1999. The court denied the motion on March 23, 2000. The Commonwealth's notice of appeal was filed April 1, 2000. Since the Commonwealth's post-sentence motion was filed beyond the 10–day limit, the post-sentence motion was untimely. Because the post-sentence motion was untimely, Rule 1411(B)(2)(b)(ii) (allowing the Commonwealth to file its notice of appeal 30 days after the court disposes of **timely** post-sentence motions) has not been triggered. In other words, under Rule 1411 the trial court has the discretion to treat untimely post trial motions as if they had not been filed at all. This is what the trial court did in the instant case. Under these circumstances, *the Commonwealth's appeal had to have been taken within 30 days of the entering of the sentence under Rule 1411(B)(2)(a)(ii).*

*Id.* at 1125 (emphasis added). *Ledoux* cites *Commonwealth v. Rohrer,* 719 A.2d 1078 (Pa.Super.1998), for this same proposition. It seems incongruous that the Commonwealth should be permitted potentially more time to file an appeal than the defendant given the parallel provisions of 720 and 721; without timely post-trial motions being filed by either party, the defendant has 30 days from imposition of sentence while the Commonwealth has 30 days from entry of the sentencing order. The language of *Ledoux* and *Rohrer* appears consistent with previous cases under the old post-trial motions practice which started the appeal clock at entry of sentence on the docket citing the Rules 301 and/or 903. *Commonwealth v. Bartley,* 395 Pa.Super. 137, 576 A.2d 1082 (1990); *Commonwealth v. Hottinger,* 370 Pa.Super. 527, 537 A.2d 1 (1987), *appeal denied,* 520 Pa. 614, 554 A.2d 507 (1988); *Commonwealth v. Bogden,* 364 Pa.Super. 300, 528 A.2d 168 (1987), *appeal denied,* 520 Pa. 595, 552 A.2d 249 (1988); *Commonwealth v. Mays,* 288 Pa.Super. 129, 431 A.2d 322 (1981).

¶ 4 It is also interesting to note that Darlington's Pennsylvania Appellate Practice, the authority for many appellate practitioners, consistently states that under both pre- and post–1994 practice, entry of the judgment of sentence is required, citing the above-referenced cases as support:

served issue, or by filing a motion to modify sentence followed by an appeal.
. . . .
(B) Timing
(1) Motion for Modification of Sentence. A Commonwealth motion for modification of sentence shall be filed no later than 10 days after imposition of sentence.
(2) Appeal of Sentence.

(a) Appeal Directly from Order Imposing Sentence.
. . . .
(ii) If the defendant has not filed a post-sentence motion, the Commonwealth's notice of appeal shall be filed within 30 days of the entry of the order imposing sentence.

If the defendant does NOT file a post-sentence motion, the time for filing an appeal remains 30 days from the imposition of sentence, that is, 30 days from the entry of the judgment of sentence on the docket.

G. Ronald Darlington et al., Pennsylvania Appellate Practice § 903:6, at 9–22 (2d ed. Supp.2003).

¶ 5 I agree that *Commonwealth v. Bilger,* as cited by the majority, thoroughly addresses the consequences of filing a late post-trial motion pursuant to 720. However, *Bilger* never deals with the actual entry date for the judgment of sentence. As *Bilger* reads, presumably the judgment of sentence was docketed the same day it was imposed. Therefore, on its face *Bilger* does not conflict with *Ledoux* or *Rohrer* or the Appellate Rules.

¶ 6 Clearly, the rationale for the requirement of entry of the judgment of sentence under the pre–1994 practice was as set forth in *Commonwealth v. Dorman,* 272 Pa.Super. 149, 414 A.2d 713, 716 (1979): "It is evident that clarity, certainty and ease of determination of the date of entry of an order are among the principal purposes of [Pa.R.App.P.] 108."

¶ 7 While I do not disagree that the defendant is given full notice of appellate rights at time of sentencing in open court, I still believe that the majority's interpretation of Rule 720 as it relates to an untimely appeal is in conflict with the Rules of Appellate Procedure. However, since it is clear that appellant in this case filed her notice of appeal more than 30 days following the entry of the sentence on the docket, I join in the quashal.