J-S37006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JERMAINE HENDERSON, | |
| Appellant | No. 2432 EDA 2013 |

Appeal from the Judgment of Sentence June 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012686-2011,
CP-51-CR-0012688-2011

BEFORE: GANTMAN, P.J., SHOGAN, and LAZARUS, JJ.

DISSENTING MEMORANDUM BY SHOGAN, J.:          **FILED JULY 24, 2015**

Although procedural irregularities attend his case, I do not believe Appellant's appeal was untimely. Accordingly, I would consider the merits of this appeal.

"Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (citation omitted). "A direct appeal in a criminal proceeding lies from the judgment of sentence." ***Commonwealth v. Preacher***, 827 A.2d 1235, 1236 n.1 (Pa. Super. 2003). "The time for filing an appeal can be extended beyond [thirty] days after the imposition of sentence only if the defendant files a timely post-sentence motion." ***Green***, 862 A.2d at 618. Pursuant to Pa.R.Crim.P. 720(A)(1), a post-sentence

motion must be filed no later than ten days after the imposition of sentence. An untimely post-sentence motion does not toll the thirty-day appeal period. *Green*, 862 A.2d at 618.

The trial court sentenced Appellant on June 18, 2013. Appellant did not raise any challenges at sentencing. N.T., 6/18/13, at 51–60. After sentence was imposed, Appellant was informed of his post-sentence rights and appellate rights. N.T., 6/18/13, at 59–60. Appellant had until June 28, 2013, to file a timely post-sentence motion and until July 18, 2013, to file an appeal. Pa.R.Crim.P. 720(A)(1); Pa.R.A.P. 903(a).

On July 8, 2013, twenty days after entry of the judgment of sentence, Appellant filed a petition for leave to file a post-sentence motion out of time. In his petition, Appellant asserted that counsel was filing a post-sentence motion concurrently with the petition. Petition, 7/8/13, at ¶ 4. However, the certified record does not contain a post-sentence motion, a fact noted by the Majority. Majority Memorandum at n.2. Nonetheless, on July 17, 2013, which was still within the thirty-day appeal period, the trial court stated that it considered a post-sentence motion and entered an order denying relief. *See* ORDER-Post Sentence Motion, 7/17/13. Appellant filed a timely appeal on July 18, 2013.

Although the trial court did not expressly issue an order permitting the filing of a post-sentence motion *nunc pro tunc*, it did state that it considered a motion and then denied relief within the original thirty-day appeal period.

- 2 -

In my opinion, the trial court's action of denying relief within the original thirty-day period distinguishes this case from **Commonwealth v. Capaldi**, 112 A.3d 1242 (Pa. Super. 2015), wherein the hearing and subsequent denial of the post-sentence motion occurred after the thirty-day appeal period. Accordingly, I would consider the merits of this appeal.