J. S42035/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MALIK K. COLLES, | : | |
| | : | |
| Appellee | : | No. 113 EDA 2014 |

Appeal from the Order Entered December 4, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0000625-2013

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED AUGUST 07, 2015**

The Commonwealth seeks an interlocutory appeal as of right[1] from the

order of the Philadelphia County Court of Common Pleas suppressing

evidence. We remand for additional findings of fact to determine whether

the Commonwealth has perfected this appeal.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Pennsylvania Rule of Appellate Procedure 311(d) states, "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d). The failure to certify an appeal under Pa.R.A.P. 311(d) renders an order unappealable. **Commonwealth v. Brister**, 16 A.3d 530, 534 (Pa. Super. 2011).

A review of the docket and record reveals the following. Appellee, Malik Colles, was arrested and charged with resisting arrest and possessing a firearm without a license[2] on December 29, 2012. On June 5, 2013, Appellee filed a motion to suppress the evidence against him. On October 10, 2013, the trial court convened a suppression hearing, and the Commonwealth presented its evidence. The court took the matter under advisement, and on December 4, 2013, announced it was granting Appellee's motion in open court. N.T., 12/4/13, at 3. The court did not author a separate written order granting suppression. The docket contained an entry on December 4, 2013, indicating, in relevant part:

Order Granting Motion for Continuance

DEFENSE MOTION TO SUPPRESS GRANTED—CONTINUE
FOR COMMONWEALTH APPEAL 1/9/14—ROOM1004 . . .

Criminal Docket, CP-51-0000625-2013, 1/21/15, at 6.

According to the docket and record, the Commonwealth filed a Pa.R.A.P. 1925(b) statement and transmitted a copy to the trial court on January 3, 2014.[3] However, a notice of appeal certifying the court's suppression ruling terminated or substantially handicapped the prosecution

---

[2] 18 Pa.C.S. §§ 5104, 6106.

[3] It appears the Commonwealth filed its appeal related documents by electronic means, and the documents in the certified record do not bear signatures and most documents do not indicate a date of transmittal or service. The Commonwealth's requests for transcripts bear dates of January 3, 2014, next to empty signature lines.

J. S42035/15

was not stamped as "Received Accepted for Review Only" until "1/6/2015

08:20:45 AM."

In light of the foregoing, there was no separate written order granting

Appellee's suppression motion.  **See** Pa.R.A.P. 108(a)(1), (d)(1),[4] 301(a)(1),

(b)-(d).[5]  Although the docket entries indicate Appellee obtained a favorable

---

[4] Pennsylvania Rule of Appellate Procedure 108 provides, in relevant part:

> [**(a)(1)**] Except as otherwise prescribed in this rule, in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties, or if such delivery is not otherwise required by law, the day the clerk or office of the government unit makes such copies public. The day of entry of an order may be the day of its adoption by the court or other government unit, or any subsequent day, as required by the actual circumstances.
>
> \*    \*    \*
>
> [**(d)(1)**] In determining the date of entry of criminal orders, subdivision (a)(1) shall apply except as provided in subparagraph (d)(2) [regarding imposition of sentence in open court].

Pa.R.A.P. 108(a)(1), (d)(1).

[5] Pennsylvania Rule of Appellate Procedure 301(a) states the general rule that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court."  Pa.R.A.P. 301(a)(1).  Rule 301(b) provides, "Every order shall be set forth on a separate document."  Pa.R.A.P. 301(b).  "[A] direction by the lower court that a specific . . . order shall be entered, unaccompanied by actual entry of the specified order in the docket does not constitute an appealable order."  Pa.R.A.P. 301(c).  A party may praecipe for the entry of an appropriate order in the docket.  Pa.R.A.P. 301(d).

ruling, that notation was seemingly entered as an order granting a continuance, not as a dispositive ruling on a pretrial motion.

Furthermore, even if we were to regard the December 4, 2013 ruling and docket entry as an appealable order, our jurisdiction remains in doubt. The Commonwealth filed a Pa.R.A.P. 1925(b) statement on January 3, 2014, *i.e.*, the thirtieth day after the ruling. However, the record only indicates a notice of appeal and Pa.R.A.P. 311(d) certification was received on Monday, January 6, 2014, one business day after the time to appeal the December 4th ruling would have lapsed. **See** Pa.R.A.P. 903(a); **see also** 1 Pa.C.S. § 1908.

In light of the jurisdictional implications of the current gaps in the docket and record,[6] we remand this matter to the trial court for determinations as to when an appealable order was entered and when the Commonwealth's notice of appeal and Rule 311(d) certification was filed. The court may receive additional evidence or arguments from the parties on these issues and take appropriate action to correct the record and/or the docket. **See** Pa.R.A.P. 1926(b)(1). Within thirty days of the date of this memorandum, the court shall forward to this Court a supplemental record

---

[6] We are mindful that neither the parties nor the trial court addressed these gaps in the record. Indeed, Appellee did not file a responsive brief in this Court. Nevertheless, it is well settled that our jurisdiction vests upon the filing of a timely notice of appeal. **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*). We may raise questions affecting our jurisdiction *sua sponte*. **Id.**

with its determinations and any corrective measures it has taken.  This Panel will thereafter consider whether we have jurisdiction over this appeal, and if so, address the Commonwealth's claim.

Case remanded.  Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015