J-S96038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT LUCE | |
| Appellant | No. 988 WDA 2016 |

Appeal from the PCRA Order Dated May 9, 2016
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000139-2002
CP-20-CR-0000334-2001

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED APRIL 10, 2017**

Pro se Appellant, Scott Luce, appeals from the order dismissing his second Post Conviction Relief Act ("PCRA")[1] petition.  Appellant contends that his sentence was illegal under **Alleyne v. United States**, 133 S. Ct. 2151 (June 17, 2013),[2] the holding of which he incorrectly contends was made retroactive under **Montgomery v. Louisiana**, 136 S. Ct. 718 (Jan. 25, 2016).  We quash the appeal as untimely.

The facts relating to the underlying crimes are unnecessary for our disposition.  Appellant entered an open plea of guilty to aggravated indecent

---

[1] 42 Pa.C.S. §§ 9541-9456.

[2] **Alleyne** held that a mandatory minimum sentence is unconstitutional unless all facts that increase the sentence are proven to a jury beyond a reasonable doubt. **Alleyne**, 133 S. Ct. at 2155.

assault of a child less than thirteen years old[3] and statutory sexual assault.[4] **Commonwealth v. Luce**, 143 WDA 2005, at 1-2 (Pa. Super., Sept. 8, 2005). Appellant was nineteen years old when he committed the above crimes. **Id.** at 1. The court sentenced Appellant on November 7, 2002. For Appellant's aggravated indecent assault conviction, the court imposed an aggravated range sentence of four to ten years' imprisonment. With respect to his statutory sexual assault conviction, the court sentenced Appellant to four to ten years' imprisonment, which was outside of the aggravated range and made consecutive to the other sentence. At the time of Appellant's sentencing, there were no mandatory minimum sentences for the crimes at issue.[5]

Appellant did not immediately file a direct appeal, but he did file a successful PCRA petition requesting reinstatement of his direct appeal rights

---

[3] 18 Pa.C.S. § 3125(a)(7).

[4] 18 Pa.C.S. § 3122.1.

[5] In 2004, our Legislature amended 42 Pa.C.S. § 9718 to establish a mandatory minimum sentence of two and one-half years' imprisonment for a conviction of aggravated indecent assault of a child less than thirteen years old. Act No. 2004-217, P.L. 1703 (Nov. 30, 2004). Subsequently, the Legislature again amended Section 9718 to set a mandatory minimum sentence of five years. Act No. 2006-178, P.L. 1567 (Nov. 29, 2006). Recently, our Supreme Court held Section 9718 unconstitutional in **Commonwealth v. Wolfe**, 140 A.3d 651, 663 (Pa. 2016), a case on direct appeal and not on collateral review. We have held, however, that imposition of a standard guideline range sentence that exceeded the mandatory minimum sentence is not unlawful. **See also Commonwealth v. Zeigler**, 112 A.3d 656, 662 (Pa. Super. 2015).

*nunc pro tunc*. On direct appeal, this Court affirmed. *Luce*, 143 WDA 2005. Appellant later filed an untimely first PCRA petition, the PCRA court dismissed that petition, and this Court affirmed that dismissal. *Commonwealth v. Luce*, 213 & 216 WDA 2012 (Pa. Super., Sept. 11, 2012).

The PCRA court docketed Appellant's second PCRA petition on March 21, 2016. Appellant's petition claimed that his sentences were illegal, citing *Montgomery*; *Alleyne*; *Miller v. Alabama*, 567 U.S. 460 (June 25, 2012) (prohibiting juveniles from being sentenced to mandatory life sentences without parole); and *Teague v. Lane*, 489 U.S. 288, 310 (1989) (a plurality decision holding that a new rule of constitutional law does not apply retroactively to convictions that became final prior to the announcement of the new rule).

On April 6, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of an intent to dismiss Appellant's PCRA petition. The PCRA court docketed Appellant's timely response to that notice on April 25, 2016. Appellant's response expanded upon the arguments raised in his petition.

The PCRA court dismissed Appellant's petition on May 9, 2016. That order informed Appellant, among other things, that he had thirty days to file an appeal. The court mailed the dismissal to Appellant's prison address via certified mail.

The PCRA court docketed Appellant's notice of appeal on June 29, 2016. Appellant's notice of appeal contains no other dates; the record does

not include a certificate of service, envelope, postmark, or any other indication of when Appellant placed his notice in the prison mail system. In a Rule 1925(a) opinion, the PCRA court noted that the appeal appeared untimely. We agree. Because the only information in the record supports the conclusion that Appellant's appeal is untimely, we quash the appeal.

We must address the timeliness of an appeal because we have jurisdiction only if a timely notice of appeal was filed. **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*), **appeal denied**, 882 A.2d 477 (Pa. 2005). Here, the only information of record shows that Appellant did not file his appeal until fifty-one days after entry of the PCRA court's May 9, 2016 order dismissing his PCRA petition. An appeal is untimely, however, if the notice of appeal is not filed within 30 days. Pa.R.App.P. 903(a).

We cannot extend the time for filing an appeal, though we can afford relief if a notice of appeal is untimely because of fraud or a breakdown in the processes of the court. **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) (citations omitted), **appeal denied**, 960 A.2d 838 (Pa. 2008). There is no evidence of fraud or a breakdown of court processes here, however. Indeed, Appellant's brief asserts that "On June 29, 2016 appellant **timely** filed his notice of appeal," Appellant's Brief at 5 (emphasis added), which suggests that Appellant deliberately filed on that date in a mistaken belief that he had until June 29, 2016 to file.

Accordingly, having discerned no administrative breakdown in the court system, we are barred from excusing Appellant's untimely notice of appeal, and we therefore quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2017