J-S80034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :           PENNSYLVANIA
                                                  :
                    v.                                  :
                                                :
                                                :
ANTWAN WILSON,                         :
                                                  :
              Appellant                :          No. 400 EDA 2017

Appeal from the Judgment of Sentence December 21, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0002866-2009

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUSMANNO, J.:        **FILED FEBRUARY 27, 2018**

Antwan Wilson ("Wilson") appeals from the judgment of sentence imposed following the revocation of his probation.  We quash the appeal as untimely filed.

On May 18, 2009, after entering a negotiated guilty plea to aggravated assault and endangering the welfare of children, Wilson was sentenced to a term of 36 to 84 months in prison, followed by four years of probation.[1] While on probation, Wilson committed various technical offenses.  The trial court conducted a ***Gagnon II***[2] hearing on December 21, 2016, during which Wilson stipulated that he was in violation of his probation.  The trial court

---

[1] ***See*** 18 Pa.C.S.A. §§ 2702(a)(1), 4304.

[2] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

sentenced Wilson to a term of 2 to 4 years in prison, followed by one year of probation. Wilson, *pro se*, filed a Notice of Appeal on January 23, 2017.

As a prefatory matter, we must address the timeliness of Wilson's appeal. **See Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (explaining that the timeliness of an appeal implicates this Court's jurisdiction, an issue which we may consider *sua sponte*). A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Additionally, this Court "may not enlarge the time for filing a notice of appeal…." Pa.R.A.P. 105(b).

Here, Wilson was sentenced during the **Gagnon II** hearing on December 21, 2016. Therefore, Wilson had until January 20, 2017, to file his notice of appeal.[3] Because Wilson filed his Notice of Appeal after that date, it was untimely.[4] Additionally, the record contains no evidence of

---

[3] On May 11, 2017, this Court issued an Order, directing Wilson to show cause why his appeal should not be quashed as having been taken from a purported order which had not been entered upon the lower court's docket. **See** Pa.R.A.P. 301(a)(1). Wilson, through counsel, responded to the Order, noting an error in the docket as to the date his judgment of sentence was entered, and stating that the appeal was timely filed because the thirtieth day following the entry of judgment was a Saturday, and he had mailed his *pro se* Notice before the following Monday. However, January 20, 2017 was, in fact, a Friday.

[4] We observe that Wilson's *pro se* Notice of Appeal is hand-dated January 19, 2017. However, Wilson has not provided "a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that [he] deposited the *pro se* filing with the prison authorities," Pa.R.A.P. 121(a), and no other evidence of record reasonably verifies that Wilson timely filed his Notice of Appeal.

"fraud or breakdown in the processes of a court" that would excuse the untimely filing. **See** Pa.R.A.P. 105, Note; **see also Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) (stating that this Court must determine whether an administrative breakdown in the court system excuses the untimely filing of a notice of appeal before quashing the appeal). Thus, we must quash Wilson's appeal as untimely filed.

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18