J-S08044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY WINDER | : | |
| | : | |
| Appellant | : | No. 2520 EDA 2018 |

Appeal from the Order Entered July 10, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0505681-1990

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY STEVENS, P.J.E.: **FILED MARCH 20, 2019**

Appellant Timothy Winder appeals the order of the Court of Common Pleas of Philadelphia County denying Appellant's *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. As Appellant failed to file a timely notice of appeal, we quash this appeal.

Appellant was charged with murder, robbery, conspiracy, and related charges for the February 12, 1990 shooting of Joong Kook Park, a Philadelphia store owner. In October 1991, a jury convicted Appellant of second-degree murder and related charges. On July 7, 1992, Appellant was sentenced to life imprisonment. On May 13, 1993, this Court affirmed the judgment of sentence and on February 18, 1994, our Supreme Court denied Appellant's petition for allowance of appeal.

On March 8, 2016, Appellant filed the instant *pro se* PCRA petition, citing ***Miller v. Alabama***, 567 U.S. 460, 465, 132 S.Ct. 2455, 2460 (2012), in which

_____

* Former Justice specially assigned to the Superior Court.

the Supreme Court of the United States determined that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" Appellant argues that the holding in **Miller** should be extended to offenders older than eighteen years of age; Appellant was twenty-one years old when he murdered the victim with a sawed-off shotgun.

On April 17, 2018, the PCRA court issued notice of its intent to deny the petition without a hearing pursuant to Pa.R.Crim.P. 907. On July 10, 2018, the PCRA court dismissed Appellant's petition. Appellant filed a *pro se* notice of appeal dated August 16, 2018.

As an initial matter, we must address the timeliness of the appeal, which implicates our jurisdiction. **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*), *appeal denied*, 882 A.2d 477 (Pa. 2005). Our rules of appellate procedure provide that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The docket in this case shows the order dismissing Appellant's petition was not sent to the parties until July 16, 2018. **See** Pa.R.A.P. 108(a)(1) (day of entry of an order shall be the day the clerk of courts mails or delivers copies of the order to the parties). Thus, Appellant's notice of appeal was required to be filed by Wednesday, August 15, 2018.

As Appellant is an incarcerated petitioner, he is entitled to the application of the "prisoner mailbox rule" which states that "in the interest of fairness, a *pro se* prisoner's appeal shall be deemed to be filed on the date

- 2 -

that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox." *Commonwealth v. Chambers*, 35 A.3d 34, 39 (Pa.Super. 2011) (quoting *Smith v. Board of Probation and Parole*, 546 Pa. 115, 122, 683 A.2d 278, 281 (1996)). However, given that Appellant's notice of appeal was dated August 16, 2018, it is clear that Appellant's notice of appeal was not delivered to prison authorities or placed in the institutional mailbox within the applicable thirty-day period that ended on August 15, 2018. Therefore, we conclude Appellant's appeal is untimely.

As we lack jurisdiction to review this appeal, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/19