J-S45036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :              PENNSYLVANIA
                                :

               v.                     :
                                :
                                :

JACOB K. AMENUVOR              :
                                :

            Appellant          :    No. 633 EDA 2019

Appeal from the PCRA Order Entered February 7, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001859-1999

BEFORE: BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY PELLEGRINI, J.:          **FILED AUGUST 26, 2019**

Jacob K. Amenuvor (Amenuvor) appeals *pro se* from the order entered
in the Court of Common Pleas of Monroe County (PCRA court), giving notice
of its intent to dismiss his third petition filed pursuant to the Post Conviction
Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, pursuant to Pennsylvania Rule
of Criminal Procedure 907(1).[1] We quash.

The record reflects that on November 29, 2000, a jury convicted
Amenuvor of second-degree murder, aggravated assault, four counts of
robbery, firearms not to be carried without a license, two counts of recklessly
endangering another person, and criminal trespass. The charges stem from

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** Pa.R.Crim.P. 907(1).

Amenuvor's fatal shooting of the victim while attempting to recover an alleged debt. On January 31, 2001, the trial court sentenced Amenuvor to a term of life imprisonment, plus an additional term of not less than thirteen and one-half nor more than thirty years' incarceration. This Court affirmed his judgement of sentence and our Supreme Court denied his petition for allowance of appeal on June 26, 2003. Amenuvor thereafter unsuccessfully litigated two PCRA petitions. He filed the instant *pro se* petition on January 2, 2019. The PCRA court issued its Rule 907 notice on February 7, 2019, and Amenuvor filed a notice of appeal on March 1, 2019.

Initially, we must consider whether we have jurisdiction over this appeal. *See Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004), *appeal denied*, 882 A.2d 477 (Pa. 2005) (appellate courts may consider issue of jurisdiction *sua sponte*). Generally, appellate courts only have jurisdiction over final orders. *See Commonwealth v. Scarborough*, 64 A.3d 602, 608 (Pa. 2013); Pa.R.A.P. 341(a). In the context of PCRA proceedings, "[a]n order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910.

Here, the Rule 907 notice from which Amenuvor appeals is not a final order. The PCRA court has not entered an order finally disposing of his PCRA petition. Consequently, we lack jurisdiction over this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/26/19