J-S29022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD DARYL ARRINGTON | : | |
| | : | |
| Appellant | : | No. 262 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 23, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002389-2023

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

JUDGMENT ORDER BY SULLIVAN, J.:          **FILED: December 1, 2025**

Richard Daryl Arrington ("Arrington") appeals from the judgment of sentence imposed following his guilty plea of one count of receiving stolen property; counsel has filed a petition to withdraw and an accompanying brief, pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We quash the appeal and grant counsel's petition to withdraw.

Given our disposition, we dispense with a detailed recitation of the facts. The following are the relevant facts.  On January 23, 2024, Arrington pleaded guilty to receiving stolen property.  ***See*** Trial Court Opinion, 3/25/25, at 1. The court sentenced Arrington that same day to four to twenty-three months of incarceration with credit for time served.  ***See id***.  At the time of Arrington's plea and sentencing, he had chosen to proceed *pro se*.  ***See id***.  Arrington filed a motion for an appointed attorney on January 24, 2025, which was

granted on January 29, 2025. *See* Order Granting Appointed Attorney, 1/29/25. Appointed counsel ("Counsel") filed a notice of appeal on February 28, 2025.

A notice of appeal must be filed within thirty days of the entry of the order being appealed. *See* Pa.R.A.P. 903; *Commonwealth v. Green*, 862 A.2d 613, 616 (Pa. Super. 2004) (*en banc)*. This Court may not extend the time for filing a notice of appeal. *See* Pa.R.A.P. 105(b). Arrington's judgment of sentence was entered on January 23, 2024. Thus, Arrington had 30 days, until February 22, 2024, to file a timely notice of appeal. Counsel filed the instant notice of appeal on February 28, 2025, over 400 days after entry of sentence.[1] On June 4, 2025, Counsel filed an *Anders* brief and a separate petition to withdraw as counsel.

This Court filed two orders to show cause concerning the issue of a timely notice of appeal. *See* Orders 9/9/25, 10/21/25. Counsel did not reply to the first order. Counsel replied to the second order agreeing that the appeal should be quashed for the reasons set forth in our order. *See* Answer to Rule to Show Cause, 10/22/25. The second order was also served on Arrington, who did not reply despite being granted time to do so. Thus, we are compelled

---

[1] The docket shows a notice of appeal was returned for corrections to Arrington on January 21, 2025. The criminal docketing statement Counsel prepared states a notice of appeal was filed on February 28, 202**4**, thirty-five days after the entry of the judgment of sentence. This is likely an error; Counsel filed a notice of appeal on February 28, 202**5**, and the docket and record contain no other notice of appeal.

to quash Arrington's appeal as untimely filed. **See** Pa.R.A.P. 903; **Green**, 862

A.2d at 616; Pa.R.A.P. 105(b). We grant Counsel's petition to withdraw.

Appeal quashed. Application to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/1/2025