J-S73022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY R. AMOS | |
| Appellant | No. 1181 MDA 2014 |

Appeal from the Judgment of Sentence of March 24, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0000491-2013

BEFORE:  BOWES, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                **FILED DECEMBER 18, 2014**

Gregory R. Amos appeals his March 24, 2014 judgment of sentence, which was imposed pursuant to a negotiated guilty plea to one count of possession with intent to deliver cocaine,[1] and one count of driving under suspension.[2]  Amos' counsel has filed with this Court a petition to withdraw as counsel, together with an "***Anders***" brief.[3]  We grant counsel's petition to withdraw, and we quash Amos' appeal for want of jurisdiction.

The trial court has summarized the procedural history of this case as follows:

---

[1]     35 P.S. § 780-113(a)(30).

[2]     75 Pa.C.S. § 1543(a).

[3]     ***See Anders v. California***, 386 U.S. 738 (1967).

> On March 8, 2013, Trooper Joel Miles charged [Amos] with possession of a controlled substance, possession with intent to deliver a controlled substance, possession of drug paraphernalia, driving a vehicle with a suspended registration, driving without a license, and driving while his license was suspended or revoked.
>
> On August 21, 2013, [Amos] entered a guilty plea to possession with intent to deliver more than 10 grams of cocaine and driving under suspension (DUS). The plea agreement provided that the Commonwealth would waive all mandatories and any school zone enhancement, and [Amos] would waive his eligibility for Boot Camp and a Recidivism Risk Reduction Incentive (RRRI), forfeit $195, and receive a sentence of thirty to sixty months for possession with intent to deliver a controlled substance, and a $1000 fine and consecutive thirty-day sentence for DUS.
>
> On March 24, 2014, the court sentenced [Amos] to two and one half to five years' incarceration in a state correctional institution for possession with intent to deliver cocaine and a $1000 fine and a concurrent fifteen to thirty days' incarceration for DUS. The court specifically noted that [Amos] was ineligible for RRRI due to a simple assault conviction, but he also waived RRRI and boot camp eligibility as part of the plea agreement.

Trial Court Opinion ("T.C.O."), 8/11/2014, at 1-2 (footnotes omitted; some numerals and punctuation modified).

Amos did not file a post-sentence motion after his sentence was imposed on March 24, 2014. On June 23, 2014, Amos mailed a *pro se* petition, entitled "Petition for Appellate Review of Sentence" to this Court, which we received on June 26, 2014. On July 17, 2014, this Court entered an order granting the application "to the extent that it shall be treated as a Notice of Appeal, filed in the trial court on June 27, 2014." The trial court did not direct Amos to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In accordance with Pa.R.A.P.

1925(a), the trial court issued an opinion in support of its order on August 11, 2014.

Before addressing the merits of the underlying issue that Amos presents for our review, we first must pass upon counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to the appellant. Attending the brief must be a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007); *see Commonwealth v. Daniels*, 999

- 3 -

A.2d 590, 594 (Pa. Super. 2010); *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief reveals that counsel substantially has complied with the *Santiago* requirements. Counsel has provided a factual and procedural history detailing the events relevant to the instant appeal in his brief. Brief for Amos at 5. Amos identified one issue to counsel that he wanted to raise on appeal: a claim that, because the trial court failed to sentence Amos to a RRRI minimum sentence, the sentence imposed is excessive and an abuse of discretion. *Id.* at 8. Counsel addresses the applicable facts and principles of law, ultimately concluding that this claim would be frivolous. *Id.* at 11-12. In his petition to withdraw as counsel filed with this Court, counsel again certified that he has "made a conscientious examination of the record and current case law and believes that the appeal is frivolous." *See* Petition for Permission to Withdraw as Counsel, 8/22/2014, ¶5. Although counsel has not referred to any information in the record that counsel believes arguably would support Amos' pursuit of relief, we acknowledge that the absence of such a reference reflects the fact that counsel believes that there is no information in the record that supports Amos' claim.

Additionally, in accordance with *Nischan*, counsel has sent Amos a copy of the *Anders* brief and a letter informing him that: (1) he has the right to retain new counsel; (2) he may proceed further with his case *pro se*; and (3) he may raise any points that he deems worthy of the Superior

Court's attention. Letter, 9/19/2014. Accordingly, we conclude that counsel substantially has complied with the requirements set forth in **Nischan**, 928 A.2d at 353. **See also Millisock**, 873 A.2d at 751.

We now must conduct an independent review of the record to determine whether the issue identified by Amos in this appeal is, as counsel claims, wholly frivolous, or if there are any other meritorious issues present in this case. **Santiago**, 978 A.2d at 354 (quoting **Anders**, 386 U.S. at 744) ("[T]he court – not counsel – then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds, it may grant counsel's request to withdraw . . . ."). We agree with counsel that this appeal is wholly frivolous, but we do so for different reasons. Indeed, as we set forth below, Amos' untimely notice of appeal renders this Court without jurisdiction

"It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*." **Commonwealth v. Trinidad**, 96 A.3d 1031, 1034 (Pa. Super. 2014) (citation omitted). This Court does not have jurisdiction to hear an untimely appeal. **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*).

If no post-sentence motion is filed within ten days after the imposition of a sentence, a defendant has thirty days from sentencing to file a direct appeal. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). Amos' sentence was imposed on March 24, 2014, and Amos did not file a post-sentence motion. Therefore, Amos must have filed a notice of appeal on or

before April 23, 2014. Amos mailed his *pro se* petition to this Court on June 23, 2014, and by this Court's order on July 17, 2014, the petition was deemed to be a notice of appeal filed in the trial court on June 27, 2014. Even giving Amos the benefit of treating June 23, 2014 as the filing date pursuant to the "prisoner mailbox rule,"[4] his notice of appeal was still untimely by nearly two months. Accordingly, we are without jurisdiction to consider the merits of this appeal.

We conclude that counsel substantially has complied with the requirements of **Anders** and **Santiago**, and agree with counsel's conclusion that Amos' appeal is frivolous, though for different reasons. The jurisdictional defect implicated by Amos' untimely notice of appeal prevents us from considering the merits of Amos' claim.

Appeal quashed. Counsel's motion to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2014

_____

[4] *See Houston v. Lack*, 487 U.S. 266 (1988); **Smith v. Pennsylvania Bd. of Prob. & Parole**, 683 A.2d 278 (Pa. 1996).