J-S53014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ZEBRICK HYRESHIE JONES | |
| Appellee | No. 1991 MDA 2015 |

Appeal from the Judgment of Sentence October 8, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001256-2014

BEFORE:  BOWES, SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 05, 2016**

Zebrick Hyreshie Jones appeals from the judgment of sentence of ninety days to five years incarceration that was imposed after a jury found him guilty of driving under the influence ("DUI") high rate and DUI general impairment.  We quash this appeal as untimely filed.

The relevant facts and procedural history are as follows.  On April 4, 2014, Trooper Michael Allar arrived alongside a disabled vehicle facing north on the southbound shoulder of Interstate-81.  Trooper Allar observed damage to the hood and passenger side of the vehicle as well as a broken front-passenger window.  At the time, Appellant was in the process of changing the left rear tire while his girlfriend remained in the front passenger seat.  Trooper Allar questioned Appellant as to the cause of the

_____
* Former Justice specially assigned to the Superior Court.

accident, to which he replied, "I slipped and hit a tractor trailer[.]" N.T. Trial, 8/27/15, at 63. During this conversation, the officer detected the odor of an alcoholic beverage emanating from Appellant, noticed that he had bloodshot eyes, and saw an empty can of Bud Ice in the rear compartment of the vehicle. Trooper Allar took Appellant into custody under suspicion of DUI. A subsequent consensual blood test revealed Appellant had a BAC of 0.174%.

As a result of this incident, Appellant was charged with one count of DUI – high rate and one count of DUI – general impairment. Following trial, a jury convicted Appellant of both counts of DUI. On October 8, 2015, the court sentenced Appellant to ninety days to five years incarceration. On October 21, 2015, Appellant filed a petition requesting that the court modify his sentence so that he could serve his time in York County prison. The trial court granted Appellant's petition on that same day. Appellant then filed a notice of appeal on November 12, 2015. The trial court directed him to file a Rule 1925(b) statement of matters complained of on appeal, to which he complied. Subsequently, the court authored its Rule 1925(a) opinion. Before we reach the merits of Appellant's appeal, we must first consider whether it is properly before us.

The rules of criminal procedure governing the timeliness of a post-sentence motion, provide that, except in summary appeals or where an after-discovered evidence claim is being raised, "a written post-sentence

motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A). This Court has interpreted the language "imposition of sentence" as the date the trial court pronounced the sentence in open court. **Commonwealth v. Green**, 862 A.2d 613, 618-619 (Pa.Super. 2004) (*en banc*). "The time for filing an appeal can be extended beyond [thirty] days after the imposition of sentence only if the defendant files a timely post-sentence motion." **Id**. at 618; Pa.R.A.P. 720(A)(2). An untimely post-sentence motion does not toll the thirty-day appeal period. **Green**, **supra**, at 618.

Instantly, Appellant's sentence was imposed on October 8, 2015. Appellant had ten days to file a post-sentence motion, which fell on Sunday, October 18, 2015. Thus, Appellant had until Monday, October 19, 2015 to file a timely post-sentence motion. Pa.R.Crim.P. 720(A)(1). Appellant filed his petition on October 21, 2015. Hence, it was patently untimely.

Since Appellant filed an untimely post-sentence motion, the appeal period could be tolled "only if the trial court accepted it under its limited authority to allow the filing of a post-sentence motion *nunc pro tunc*." **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa.Super. 2015). Appellant did not request that the trial court consider his motion as filed *nunc pro tunc*. Furthermore, the trial court's resolution of the merits of an untimely post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief. **Commonwealth v. Dreves**, 839 A.2d 1122,

1128-1129 (Pa.Super. 2003) (*en banc*). As the trial court did not consider Appellant's post-sentence motion *nunc pro tunc*, the period to file a timely appeal was not tolled. Thus, under Pa.R.Crim.P. 720(A)(3), Appellant was required to file his notice of appeal within 30 days of the date of imposition of sentence.

Appellant filed his notice of appeal on November 12, 2015, more than thirty days after the imposition of the October 8, 2015 sentence. Pa.R.Crim.P. 720(A)(2), which extends the time for filing an appeal, does not apply to Appellant because he did not file a timely post-sentence motion. Therefore, Appellant's notice of appeal was clearly untimely. Accordingly, we must quash this appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2016