J-S92015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| K.T., N/B/M K.L., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| C.T., | |
| Appellant | No. 974 WDA 2016 |

Appeal from the Order June 3, 2016
In the Court of Common Pleas of Crawford County
Civil Division at No(s): FD 2013-297

BEFORE: SHOGAN, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 11, 2017**

C.T. ("Father") appeals *pro se* from the order entered on June 3, 2016, in the Court of Common Pleas of Crawford County, awarding K.L. ("Mother") primary physical custody of R.T., born in March of 2001, M.T., born in May of 2004, and A.T., born in June of 2006 (collectively "the Children"), awarding Father partial physical custody, and awarding Mother and Father shared legal custody of the Children pursuant to 23 Pa.C.S. § 5328(a). Mother has filed a motion to quash.[1] For the following reasons, we grant Mother's motion and dismiss this appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We will treat Mother's motion to quash as a motion to dismiss.

The pertinent facts underlying this appeal are as follows. Mother and Father were married in July of 2001. They separated in June of 2008 and were divorced in June of 2012. Upon separation, Mother maintained primary physical custody of the Children. In October of 2011, Father acquired primary physical custody of the Children.

Mother filed a petition for modification of custody on April 13, 2015. A mediation conference was held on May 26, 2015. Following the conference, the court issued an order on June 8, 2015, which granted Mother primary physical custody of the Children and also established custodial arrangements for the summer of 2015. On June 19, 2015, Father filed a request for a hearing *de novo*. The hearing *de novo* took place on April 13, 14, and 18, 2016. Following the hearing, the trial court issued a custody order on June 3, 2016, awarding shared legal custody of the Children to Mother and Father, primary physical custody to Mother, and partial physical custody to Father. Father filed a timely notice of appeal.[2]

Our scope and standard of review in custody matters is as follows:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept

---

[2] Because the thirtieth day of the appeal period, July 3, 2016, fell on a Sunday, and Monday, July 4, 2016, was a court holiday, Appellant had until Tuesday, July 5, 2016, to file his notice of appeal. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.); *Commonwealth v. Green*, 862 A.2d 613, 618 (Pa. Super. 2004).

findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F. v. S.E.F.*, 45 A.3d 441, 443 (Pa. Super. 2012) (citation omitted).

Further, we have stated:

[T]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

*Ketterer v. Seifert*, 902 A.2d 533, 540 (Pa. Super. 2006).

In attempting to address the merits of Father's appeal, we are confronted with Father's glaringly deficient appellate brief. Among other significant deficiencies, Father's brief does not include a statement of questions involved as required by Pa.R.A.P. 2111 and 2116. Thus, before considering the merits of Father's claims, we must first address the substantial inadequacies of his brief. Additionally, Mother has filed a motion

to quash Father's brief on these grounds. Motion to Quash Appellant's Brief, 10/6/16, at 1-5.[3]

Substantial deviations from the rules governing appellate briefs are sufficient grounds to suppress an appellant's brief and quash or dismiss an appeal. Pa.R.A.P. 2101; *see Wilkins v. Marsico*, 903 A.2d 1281, 1285 (Pa. Super. 2006) (explaining that significant "[d]eviations from the rules governing appellate briefs . . . are sufficient grounds to suppress [an appellant's brief] and quash the appeal."); *see also* Pa.R.A.P. 2111–2119 (setting forth in detail the required content of appellate briefs). Additionally, this Court has emphasized that it is the obligation of the appellant to present arguments that are sufficiently developed for our review. *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012). "We will not act as counsel and will not develop arguments on behalf of an appellant." *Id.* "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *In re Ullman*, 995 A.2d 1207, 1211-1212 (Pa. Super. 2010). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id.* at 1212. Accordingly, a litigant's *pro se* status does not relieve him of the

_____

[3] On November 3, 2016, this Court entered a *per curiam* order deferring disposition of this motion to the panel deciding the merits of the appeal. Order, 11/3/16, at 1.

- 4 -

duty to follow the Rules of Appellate Procedure. ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 213 n.11 (Pa. Super. 2008).

Our review of Father's brief exposes substantial violations of the Rules of Appellate Procedure. As noted, it does not contain a statement of questions involved as required by Pa.R.A.P. 2116. We have previously explained that the lack of a statement of questions involved, along with other deficiencies, renders an appellant's filing inadequate to present specific issues for review. ***Branch Banking & Trust v. Gesiorski***, 904 A.2d 939, 942-943 (Pa. Super. 2006). In ***Branch Banking & Trust***, this Court found the appellant's failure to include a statement of questions involved in its brief "most troubling" in light of the language of Pa.R.A.P. 2116. ***Id.*** at 942.[4] Thus, the absence of a statement of questions involved is a significant impediment to our judicial review. Moreover, Father's failure to include this statement is a violation of the mandate of Pa.R.A.P. 2116(a) that no question will be considered unless it is included in the statement of questions involved. Pa.R.A.P. 2116(a). By failing to present a statement of questions involved in his brief, Father has precluded our review of any issues.

_____

[4] We note that the language of Pa.R.A.P. 2116 at the time ***Branch Banking & Trust*** was decided differs from the current language of Pa.R.A.P. 2116, which became effective with the 2013 amendments. ***See*** Pa.R.A.P. 2116, note. However, Pa.R.A.P. 2116(a) currently includes the following dictate: "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a).

Furthermore, Father's brief does not include a statement of jurisdiction, a statement of the scope and standard of review, or a summary of Appellant's argument. **See** Pa.R.A.P. 2111(a)(1), (3), (6); 2114; and 2118. Although Father's brief contains a section labeled "Statement of Case," this section does not include a brief procedural history or a condensed chronological statement of the facts necessary to review the determination, as required by Pa.R.A.P. 2117. **See** Pa.R.A.P. 2117. In fact, contrary to Pa.R.A.P. 2117(b), which states that all argument be excluded, Father's statement consists primarily of argument.

The argument section of Father's brief consists of seventeen sections,[5] divided by enumerated, bolded headings constituting sentence fragments. Father's Brief at 4-17. It appears that Father attempts to support these "statements" with discussion under each heading. Although Father makes general arguments regarding trial court error, he fails to cite to specific facts or citations in the record supporting his position. Moreover, Father references legal authority in only two instances, and in those instances, fails to apply the legal authority to this particular case. **Id.** at 5, 6. "The Rules

_____

[5] Attached to his notice of appeal, Father includes what may be liberally construed as a list of issues. Pursuant to Pa.R.A.P. 1925(a)(2)(i), governing children's fast track appeals, appellants are required to file a Rule 1925(b) statement with the notice of appeal. In this attachment, Father identifies only fourteen "issues." Notice of appeal, 7/5/16, at 2. Any issues not raised in a 1925(b) statement will be deemed waived. **Hartdegen v. Berger**, 839 A.2d 1100, 1104 (Pa. Super. 2003).

of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." ***Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.***, 959 A.2d 438, 444 (Pa. Super. 2008) (citations omitted); Pa.R.A.P. 2119(a) and (b).

Thus, in the instant matter Father has failed to comply in substantial respects with the Rules of Appellate Procedure. Because of the considerable defects, we are unable to perform effective appellate review. Accordingly, we are constrained to dismiss Father's appeal for failure to comply with our Rules of Appellate Procedure. ***See Branch Banking & Trust***, 904 A.2d at 942 ("we decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof.")

Assuming, *arguendo,* that Father's appeal had not been dismissed, we would have affirmed on the basis of the trial court's opinion. The trial court thoroughly addressed each of the factors outlined in 23 Pa.C.S. § 5328(a) as it is required to do. ***See J.R.M. v. J.E.A.***, 33 A.3d 647, 652 (Pa. Super. 2011) (trial courts are required to consider "[**a**]**ll** of the factors listed in [23 Pa.C.S. §] 5328(a) . . . when entering a custody order") (emphasis in original). Additionally, the determinations made by the trial court are supported by the evidence of record.

Motion to quash granted.  Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/11/2017