J-S46019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KAREEM MCNEIL :
:
Appellant : No. 1686 EDA 2017

Appeal from the PCRA Order May 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002557-2010,
CP-51-CR-0004305-2010

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 15, 2018**

Appellant, Kareem McNeil, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On April 25, 2011, at the conclusion of his jury trial, [Appellant] was found guilty on the charges of Attempt to Commit Criminal Trespass, Possession of a Firearm by a Prohibited Person, Possession of a Firearm Without a License, and Carrying a Firearm on the Streets of Philadelphia.[1]  On June 10, 2011, [Appellant] was sentenced to an aggregate period of confinement of 10 to 20 years, followed by consecutive terms of probation totaling 12 years.  The [c]ourt denied [Appellant's] post-sentence motion for reconsideration on June 15, 2011.

---

[1]  18 Pa.C.S. § 3503(a)(1)(ii), 18 Pa.C.S. § 6105(a)(1), 18 Pa.C.S. § 6106(a)(1), and 18 Pa.C.S. § 6108, respectively.

On June 30, at 1768 EDA 2011, [Appellant] filed a direct appeal to the Superior Court of Pennsylvania. [Appellant] raised two issues in his appeal, namely, that the [c]ourt erred in not granting his motion for a new trial or evidentiary hearing based on alleged juror partiality, and that the [c]ourt erred in its discretion in imposing [Appellant's] sentence. On July 19, 2012, the Superior Court affirmed [Appellant's] judgement [sic] of sentence.

[Appellant] timely filed the instant PCRA Petition on November 21, 2012, which was amended by Counsel and filed on August 21, 2015. The Commonwealth filed its motion and brief to dismiss [Appellant's] PCRA Petition on February 17, 2017.

On March 3, 2017, after careful review of the record, the [c]ourt issued its notice, pursuant to the Pennsylvania Rules of Criminal Procedure (Pa.R.Crim.P.) Rule 907, advising Counsel and [Appellant] that it intended to dismiss [Appellant's] petition within twenty days of issuance. On May 18, 2017, the [c]ourt entered an Order dismissing [Apellant's] PCRA Petition for lack of merit.

On May 24, 2017, [Appellant] timely filed the instant appeal to the Superior Court of Pennsylvania. On May 25, 2017, this Court filed and served on [Appellant] an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [Appellant] to file and serve a Statement of Errors Complained of on Appeal, within twenty-one days of the [c]ourt's Order. On June 8, 2017, [Appellant] filed his Statement of Matters Complained of on Appeal.

PCRA Court Opinion, 3/9/18, at 1-2.

Appellant presents the following issues for our review:

1. Did the PCRA court err in failing to grant relief where trial counsel failed to raise the issue of an illegal mandatory minimum sentence?

2. Did the PCRA court err in dismissing the PCRA petition without granting discovery or holding an evidentiary hearing?

Appellant's Brief at 9.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

In his first issue, Appellant asserts that he was subject to a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712(a),[2] due to his use of a firearm while committing the crimes for which he was convicted. Appellant's Brief at 12. Appellant maintains that pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), "the application of the factors triggering mandatory minimum sentences are unconstitutional and therefore the entire sentencing statute is void[.]" *Id.* at 13. Appellant further contends:

> While neither the Pennsylvania Supreme Court nor the 3rd Circuit have ruled on the retroactivity of the mandatory minimum sentencing issues in a matter involving a timely PCRA petition,

---

[2] Section 9712 of the Sentencing Code provided that any person convicted of a crime of violence who committed the crime while in visible possession of a firearm and who placed the victim in reasonable fear of death or serious bodily injury during the commission of the crime be sentenced to a mandatory minimum of five years' incarceration. *See* 42 Pa.C.S. § 9712(a).

- 3 -

since the U.S. Supreme Court rulings as applied in Pennsylvania have rendered the statute under which [Appellant] in this matter, was sentenced, the sentence is now illegal.

*Id.* at 13. Accordingly, Appellant argues, counsel was ineffective for failing to raise the "illegal sentence issue" at sentencing or on direct appeal. *Id.* at 15.

This Court has explained the rulings and impact of *Alleyne* and related cases as follows:

> In *Alleyne,* the Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact. *Alleyne* is an application of the Court's prior pronouncement in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which ruled that any fact that increases a maximum sentence must be found by the factfinder beyond a reasonable doubt or admitted by the defendant during his guilty plea. In *Alleyne,* the United States Supreme Court expressly overruled *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), which held that a fact that involves a mandatory minimum sentence does not implicate jury trial rights. *Alleyne* also implicitly abrogated *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which withstood an *Apprendi* attack in the *Harris* decision.
>
> In *Commonwealth v. Newman,* 99 A.3d 86 (Pa.Super.2014) (relying upon *Commonwealth v. Watley,* 81 A.3d 108, 118 (Pa.Super.2013) (*en banc*)), we noted that *Alleyne* will be applied to cases pending on **direct appeal** when *Alleyne* was issued.

*Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa. Super. 2015) (emphasis added).

While *Alleyne* applies retroactively to cases that were on direct appeal when *Alleyne* was issued, our Supreme Court has ruled that *Alleyne* does not apply retroactively to cases on PCRA review. *See Commonwealth v.*

- 4 -

***Washington***, 142 A.3d 810, 820 (Pa. 2016) (holding that ***Alleyne*** does not apply retroactively to cases pending on collateral review.). Thus, Appellant's assertion that the Pennsylvania Supreme Court has not ruled on the retroactivity of the mandatory minimum sentence issue in a matter involving a timely PCRA petition is incorrect.

Accordingly, ***Alleyne*** does not apply to this case. Appellant's sentence became final on August 20, 2012, thirty days after this Court affirmed his judgment of sentence and time expired for Appellant to file an appeal to the Pennsylvania Supreme Court.[3] 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). ***Alleyne*** was decided on June 17, 2013. Because Appellant's case was not on direct appeal when ***Alleyne*** was decided, Appellant is not entitled to relief on this basis.

Furthermore, Appellant cannot establish counsel's ineffectiveness on this basis. Because the underlying challenge to the legality of sentence fails, the derivative claim of trial counsel's ineffectiveness fails as the claim lacks arguable merit. ***See Commonwealth v. Marinelli***, 910 A.2d 672, 680 (Pa. 2006) (explaining that "[c]ounsel will not be deemed ineffective for failing to

---

[3] Because the thirtieth day of the appeal period, August 18, 2012, fell on a Saturday, Appellant had until Monday, August 20, 2012, to file his petition for allowance of appeal. ***See*** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.); ***Commonwealth v. Green***, 862 A.2d 613, 618 (Pa. Super. 2004).

raise a meritless claim."). Thus, Appellant is entitled to no relief on his claim that the PCRA court erred in failing to grant relief where trial counsel failed to raise the issue of an illegal mandatory minimum sentence.

In his second issue, Appellant asserts that the PCRA court erred in "failing to grant discovery or an evidentiary hearing."[4] Appellant's Brief at 18. Appellant attempts to intertwine with this argument his argument related to counsel's ineffectiveness regarding the testing of the firearm and shell casings. As noted in footnote four, the issue of counsel's ineffectiveness in this context has been waived. Thus, to the extent that Appellant argues that the PCRA court should have granted a discovery hearing related to counsel's ineffectiveness on this issue, we find that argument also is waived. To the extent that Appellant's claim challenges the PCRA court's failure to conduct a hearing prior to dismissing his PCRA petition, we conclude that this claim fails. "The right to an evidentiary hearing on a post-conviction petition is not absolute." *Commonwealth v. Walls*, 993 A.2d 289, 295 (Pa. Super. 2010). "It is within the PCRA court's discretion to decline to hold a hearing if the

_____

[4] We note that in the argument section of his brief, Appellant presents discussion under the heading "Counsel was ineffective for failing to have the firearm and shell casings recovered tested for fingerprint evidence and the Lower Court erred in failing to grant discovery or an evidentiary hearing." Appellant's Brief at 18. To the extent that Appellant attempts to argue counsel's ineffectiveness regarding testing of the firearm and shell casings, we find that issue waived because Appellant did not include that issue in his statement of questions presented. Pa.R.A.P. 2116(a). Assuming *arguendo* that the issue was not waived, we would affirm on the basis of the PCRA court opinion. PCRA Court Opinion, 3/9/18, at 4-8.

petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Id*. "A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). Here, Appellant has failed to demonstrate that any of the claims presented to the PCRA court raised a genuine issue concerning any material fact. Accordingly, we discern no error by the PCRA court in dismissing the amended petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/18