J-S49027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH WILLOUGHBY | |
| Appellant | No. 2205 EDA 2018 |

Appeal from the PCRA Order Entered May 10, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004106-2015

BEFORE:  BENDER, P.J.E., STABILE, J. and STEVENS, P.J.E.*

JUDGMENT ORDER BY STABILE, J.:             **FILED OCTOBER 11, 2019**

Appellant, Kenneth Willoughby, appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541—9546.  We quash this appeal.

Appellant was charged with sexually assaulting a child who had run away from home.  On May 22, 2017, Appellant entered a negotiated no-contest plea to statutory sexual assault and corrupting a minor[1] and was sentenced in accordance with the agreement to two and a half to six years' imprisonment followed by eight years of probation.

On October 20, 2017, Appellant filed a *pro se* PCRA petition claiming that plea counsel was ineffective for inducing him to enter the plea

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3122.1 and 6301, respectively.

involuntarily. The PCRA court appointed counsel for Appellant. On April 1, 2018, counsel filed a "no merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988), and a motion to withdraw as counsel. The PCRA court issued a notice of intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On May 2, 2018, Appellant responded to the notice of intent, requesting that the court grant him "relief concerning current appointed counsel" and that he be permitted to proceed *pro se*. On May 11, 2018, the PCRA court granted counsel's motion to withdraw and formally dismissed Appellant's petition. The record reflects that the PCRA court sent the order to Appellant on May 11, 2018 via certified mail.

The record further reflects that on July 10, 2018, sixty-one days after the order of dismissal, Appellant filed a notice of appeal. On August 6, 2018, this Court ordered Appellant to show cause why his appeal should not be dismissed as untimely. On August 14, 2018, Appellant filed a response stating, without further explanation, that his notice of appeal "was not forwarded on my behalf per court rules. This appeal is timely."

Since the PCRA court dismissed Appellant's petition on May 11, 2018, Appellant's deadline for filing his notice of appeal was Monday, June 11, 2018. Pa.R.A.P. 903(a) (except in circumstances not relevant here, "the notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken"). Appellant failed to file his notice of appeal until July 10, 2018, and his vague claim that his notice of appeal "was not forwarded . . .

- 2 -

per court rules" does not excuse his untimeliness. Accordingly, we quash his appeal. ***Commonwealth v. Green***, 862 A.2d 613 (Pa. Super. 2004) (quashing appeal where defendant filed notice of appeal fifty-three days after sentencing).

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/19