J-A22020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BYRON LEE RORIE-GARDNER | : | |
| | : | |
| Appellant | : | No. 3381 EDA 2018 |

Appeal from the Judgment of Sentence Entered October 26, 2018
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002652-2018,
CP-15-CR-0002653-2018

BEFORE:  MURRAY, J., STRASSBURGER, J.[*], and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.:

**FILED DECEMBER 09, 2020**

Because I would hold that our Supreme Court's decision in

***Commonwealth v. Walker***, 185 A.3d 969 (2018), does not require the

appeal to be quashed under the facts of this case, I respectfully dissent.

Appellant was charged with summary trespass offenses at docket

numbers 2652-18 and 2653-18.  By agreement of the parties, the cases were

consolidated so that they could be disposed of at a single bench trial.  On

October 24, 2018, the trial court completed one verdict form reflecting a

finding of guilt as to one count at each of the two docket numbers.  As noted

by the majority, the verdict form was only entered at docket number 2652-

_____

[*] Retired Senior Judge assigned to the Superior Court.

18. The sentence on both counts was announced in open court on October 26, 2018.

Significantly, on that date, the trial court repeatedly implied that Appellant only had to file one appeal in order to obtain review as to both trespass counts. The trial court spoke in the singular when giving "the sentence of the court" and when asking Appellant, "[D]o you understand the sentence?" Transcript, 10/26/2018, at p. 9. Appellant was told he had the right to appeal "the sentence" within 30 days. *Id*. at p. 11. The trial court also clarified that it was bound to find Appellant guilty "under the facts of this case[.]" *Id*. at p. 10. Appellant then filed one notice of appeal at docket number 2652-18, captioning the notice with the two subject docket numbers.

The trial court's statements, in combination with the procedural posture, would reasonably give Appellant the impression that his cases had been totally merged into a single matter, permitting him to appeal with one timely notice. To the extent that separate notices were required, Appellant's mistake would have been at least partly caused by the trial court's misleading, ambiguous statements. In factually analogous cases, this Court has declined to quash an appeal for lack of compliance with *Walker* and Pa.R.A.P. 341, instead attributing the defective notice to a breakdown in court operations. *See e.g., Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa. Super. 2019).

The majority suggests that Appellant should have known his two cases had not totally merged for appellate purposes because two separate

sentencing sheets were completed at the October 26 hearing and entered at their respective docket numbers, which remained intact after Appellant's notice of appeal was filed. The majority also refers to the creation of two certified records and the parallel tracks of the two cases in court docketing systems.

I find the majority's grounds for applying **Walker** to be unpersuasive for several reasons. First, the administrative handling of the cases under two docket numbers did not explicitly correct or contradict the trial court's misleading statements indicating that Appellant only had one case with one sentence, requiring one notice of appeal. Consistent with there being a total merger of the two cases, no verdict form was ever entered at docket number 2653-18.

Second, Appellant's appealable "order" was the trial court's pronouncement of "the sentence" in open court and not the sentencing sheets that would later be entered into the dockets. *See* Pa.R.Crim.P 720(D) ("The imposition of sentence immediately following a determination of guilt at the conclusion of the trial de novo shall constitute a final order for purposes of appeal."); *see also Commonwealth v. Green*, 862 A.2d 613, 621 (Pa. Super. 2004) ("The date of imposition of the sentence is the date the sentencing court pronounces the sentence."). The entry of separate sentencing sheets at two docket numbers would not have logically signaled to Appellant that he had to appeal from both of those documents because the

trial court had already instructed that "in this case" he had to appeal from a single pronouncement of "the sentence" in open court.

Finally, not only was the verdict slip not entered at docket number 2653-18, the creation of different records and the continued use of a court file at that number took place *after* Appellant's jurisdictional clock had already begun to run on October 26, 2018. *See* Pa.R.Crim.P 720(D). Assuming the time for appeal indeed began running for two separate docket numbers, Appellant should not be held to a strict 30-day deadline for filing two notices when that period began with the trial court misadvising him that one notice was enough.

Accordingly, I respectfully dissent.