J-S04034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH EDWARD WILLIAMS | : | |
| | : | |
| Appellant | : | No. 69 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 3, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000123-2017

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 17, 2021**

Joseph Edward Williams ("Williams") appeals from the judgment of sentence imposed following the revocation of his probation.  Additionally, Williams's counsel, Donna M. DeVita, Esquire ("Attorney DeVita"), has filed an Application to Withdraw as Counsel, and a brief pursuant to ***Anders v. California***, 368 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We quash the appeal as untimely filed, and deny the Application to Withdraw as moot.

On October 17, 2016, the Scranton Police Department effectuated a traffic stop on a vehicle in the 330 block of East Gibson Street, Scranton, Pennsylvania.  Williams, a passenger in the vehicle, was subsequently frisked and found to be in possession of, *inter alia*, cocaine and drug paraphernalia.

On May 1, 2017, Williams entered an open guilty plea to one count each of possession of a controlled substance and possession of drug paraphernalia.[1] On July 5, 2017, the trial court sentenced Williams to an aggregate term of one to three years of probation.

While serving his probation, on June 27, 2019, Williams was charged with one count each of possession of firearm prohibited, possession of firearm with altered manufacturer's number, possession with intent to deliver, and possession of drug paraphernalia; and two counts of possession of a controlled substance.[2] On July 30, 2019, based upon Williams's new charges, the trial court issued a detainer.

On September 18, 2019, at the **Gagnon II**[3] hearing, Williams stipulated that he had violated his probation. The trial court deferred sentencing and ordered the completion of a pre-sentence investigation report. Subsequently, on December 3, 2019, the trial court revoked Williams's probation and sentenced Williams to an aggregate term of twelve to thirty months in prison.

---

[1] 35 P.S. § 780-113(a)(16), (32).

[2] 18 Pa.C.S.A. §§ 6105(a)(1), 6110.2(a); 35 P.S. § 780-113(a)(30).

[3] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

On December 19, 2019, Williams filed a counseled post-sentence Motion[4] arguing that the trial court imposed an unduly harsh and excessive sentence. The trial court did not rule on Williams's post-sentence Motion. On January 8, 2020, Williams filed a *pro se* Notice of Appeal.[5]

On February 18, 2020, this Court issued a Rule to Show Cause and directed Williams to show cause why his appeal should not be quashed as untimely filed. Williams filed a Response, claiming that on December 11, 2019, he had filed an "Intent to Inform" with the trial court, in which Williams stated that he had asked his trial counsel to file a post-sentence motion and a subsequent notice of appeal. Additionally, Williams requested that this Court

---

[4] We note that Williams's post-sentence Motion was filed outside the 10-day window, and is therefore untimely. **See** Pa.R.Crim.P. 708(E) (providing that "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition.").

[5] We note that "[i]n this Commonwealth, hybrid representation is not permitted." **See Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011). However, in the context of a *pro se* Notice of Appeal, "this Court is required to docket a *pro se* Notice of appeal despite [a]ppellant being represented by counsel[.]" **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016).

consider his "Intent to Inform" as a timely notice of appeal.[6]

At the outset, we must determine whether Williams's January 8, 2020, *pro se* Notice of Appeal is timely. **See Commonwealth v. Yarris**, 731 A.2d 581, 587 (Pa. 1999) (stating that appellate courts may raise the issue of jurisdiction *sua sponte*). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (citation omitted).

"A direct appeal in a criminal proceeding lies from the judgment of sentence." **Commonwealth v. Preacher**, 827 A.2d 1235, 1236 n.1 (Pa. Super. 2003). A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Additionally, a post-sentence motion filed after a sentence imposed upon the revocation of probation does not toll the appeal period. **See** Pa.R.Crim.P. 708(E) (providing that, following the revocation of probation, "[t]he filing of a motion to modify sentence will not toll the 30-day appeal period."). "Any appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days

_____

[6] Our review reveals that Williams's December 11, 2019, "Intent to Inform" is merely an informative document, notifying the trial court that Williams had requested his trial counsel file a post-sentence motion and subsequent notice of appeal. **See** Intent to Inform, 12/11/19, at 1; **see also generally** Pa.R.A.P. 904 (providing guidelines for the format, certifications, transcript requests, and necessary proofs of service that must be included in a notice of appeal). Accordingly, Williams's "Intent to Inform" does not constitute a notice of appeal.

of the imposition of sentence expressly grants reconsideration or vacates the sentence." Pa.R.Crim.P. 708(E), Cmt. After the 30-day appeal period has passed, the trial court is divested of jurisdiction to rule on a post-sentence motion. **Commonwealth v. Swope**, 123 A.3d 333, 337 n.16 (Pa. Super. 2015) (citation omitted); **see also Commonwealth v. Burks**, 102 A.3d 497, 499 (Pa. Super. 2014) (stating that "[t]ime limitations for taking appeals are strictly construed and cannot be extended as a matter of grace.").

Here, on December 3, 2019, Williams's probation was revoked, and he was sentenced. Williams filed an untimely post-sentence Motion on December 19, 2019; however, this filing did not toll the 30-day appeal period. **See** Pa.R.Crim.P. 708(E). Accordingly, Williams had until January 2, 2020, to file his Notice of Appeal. Williams did not file his *pro se* Notice of Appeal until January 8, 2020, and thus, Williams's *pro se* Notice of Appeal was untimely

filed.[7] ***See Burks***, ***supra***.   Accordingly, we are constrained to quash Williams's appeal.

Appeal quashed.   Application to Withdraw denied as moot.   Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/17/2021

_____

[7] Moreover, we observe that Williams's counsel filed an untimely post-sentence Motion, and failed to file a notice of appeal on Williams's behalf. Indeed, upon realizing counsel's error, Williams filed his own *pro se* Notice of Appeal on January 8, 2020.   However, Williams's *pro se* Notice of Appeal is untimely.   We note that our disposition does not preclude Williams from challenging the ineffectiveness of his counsel under the Post Conviction Relief Act ("PCRA").   ***See*** 42 Pa.C.S.A. §§ 9541-9546; ***see also Commonwealth v. Rosado***, 150 A.3d 425, 429 (Pa. 2016) (stating that a defendant is *per se* denied the right to counsel when counsel's failure to perfect an appeal completely forecloses the defendant's right to an appeal); ***Commonwealth v. Markowitz***, 32 A.3d 706, 714 (Pa. Super. 2011) (stating that, in regards to a PCRA petition raising counsel's ineffectiveness, "[w]hen [counsel] fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights.") (citation omitted).