J-S41009-22
J-S41010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN TINA LOU WHITMARSH | : | |
| | : | |
| Appellant | : | No. 709 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 1, 2022
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000897-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN TINA LOU WHITMARSH | : | |
| | : | |
| Appellant | : | No. 909 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 1, 2022
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000895-2021

BEFORE:  LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED: JANUARY 27, 2023**

Sean Tina Lou Whitmarsh appeals from the judgments of sentence, entered in the Court of Common Pleas of Bradford County, following her convictions at CP-08-CR-0000895-2021 (Docket No. 895-2021), to five counts

---

[*] Former Justice specially assigned to the Superior Court.

of burglary,[1] and at CP-08-CR-0000897-2021 (Docket No. 897-2021), to one count of flight to avoid apprehension.[2] Additionally, Whitmarsh's counsel, Jillian Kochis, Esquire, has filed applications to withdraw as counsel and accompanying **Anders**[3] briefs. Upon review, we quash these appeals and dismiss counsel's application to withdraw as moot.[4]

Whitmarsh was charged with multiple counts of burglary and related offenses on five separate dockets. Whitmarsh had been acting in concert with several co-defendants to scope out homes to burglarize. On December 20, 2021, Whitmarsh entered into a hybrid guilty plea, and pled guilty to five counts of burglary at Docket No. 895-2021 and one count of flight to avoid apprehension at Docket No. 897-2021. The remaining offenses, including those comprising three of Whitmarsh's dockets,[5] were dismissed. Additionally, Whitmarsh agreed to cooperate with the Commonwealth against her co-defendants. At the close of the guilty plea hearing, the trial court

_____

[1] 18 Pa.C.S.A. § 3502(a)(2).

[2] 18 Pa.C.S.A. § 5126(a).

[3] **Anders v. California**, 368 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[4] As discussed *infra*, Whitmarsh pled guilty at the above-mentioned dockets at the same hearing, was sentenced simultaneously on both, and has filed identical **Anders** briefs. Accordingly, we have consolidated these appeals *sua sponte*. **See** Pa.R.A.P. 513.

[5] CP-08-CR-0000175-2021, CP-08-CR-0000826-2021, and CP-08-CR-0000917-2021 (Docket No. 917-2021).

deferred sentencing and ordered a pre-sentence investigation report (PSI). There was no agreement as to sentencing.

On April 1, 2022, the trial court sentenced Whitmarsh to a period of nine to twenty-months' incarceration for each conviction of burglary, and to a period of twelve to thirty-six months' incarceration for her conviction of flight to avoid apprehension. The trial court ordered that Whitmarsh's sentences be served consecutively, resulting in an aggregate sentence of 57 to 156 months in prison. The trial court also ordered that Whitmarsh pay fines and costs, $9,500.00 in restitution,[6] and found Whitmarsh ineligible for Recidivism Risk Reduction Incentive (RRRI).

On April 11, 2022, Whitmarsh filed an application with the Public Defender's Office of Bradford County to request representation for a direct appeal to this Court. On April 12, 2022, the Public Defender's Office notified Court Administration that it was unable to represent Whitmarsh due to a conflict. On or about April 21, 2022, the trial court entered an order appointing Attorney Kochis to represent Whitmarsh on appeal. On or about April 20, 2022, Court Administration contacted Attorney Kochis about her appointment to represent Whitmarsh on appeal. *See* Petition for Leave to Appeal *Nunc Pro Tunc*, 6/20/22, at 1-2; Response to Rule to Show Cause, 7/28/22, at 2. On May 3, 2022, Attorney Kochis mailed two notices of appeal

---

[6] The restitution amount was to be paid jointly and severally among Whitmarsh and her co-defendants. *See* N.T. Sentencing Hearing, 3/28/22, at 9-13.

to the Bradford County Court Administration. The first was at Docket No. 897-2021. The second was at Docket No. 917-2021, one of the dockets that had been dismissed pursuant to Whitmarsh's plea agreement. The final day to file timely notices of appeal was May 2, 2022.[7] **See** Pa.R.A.P. 903(a). These appeals were not received by the Clerk of Courts until May 6, 2022.[8] Both of these notices were filed more than 30 days past the date Whitmarsh's judgment of sentence was imposed and, thus, were untimely. **Id.**

---

[7] The 30th day to appeal was May 1, 2022, a Sunday, and accordingly, Whitmarsh had until May 2, 2022, to timely file notices of appeal. **See** 1 Pa.C.S.A. § 1908 ("[w]henever the last day of any such time period shall fall on a Saturday or Sunday … such day shall be omitted from the computation.").

[8] Pursuant to Pa.R.A.P. 905(a)(3), a counseled notice of appeal is considered filed when it is marked received by the Clerk of Courts, not when it is deposited in the mail. **See** Pa.R.A.P. 905(a)(3). Instantly, on May 3, 2022, Attorney Kochis mailed the notices of appeal to Court Administration, not the Clerk of Courts. **See** Notice of Appeal, 5/6/22, at 3. Court Administration marked the Notices of Appeal as "received" on May 6, 2022. **See id.**

However, these errors are of no moment. Despite Attorney Kochis's contentions, Rule 905 clearly states that notices of appeal are considered filed on the date that the Clerk of Courts receives the notices. **See** Pa.R.A.P. 905(a)(3). Thus, the May 3, 2022 mailing date is irrelevant. Additionally, Attorney Kochis mailed the notices to Court Administration, where they were received on May 6, 2021; however, the Clerk of Courts did not receive the notices until May 11, 2022. Nevertheless, under Rule 905(a)(4), a notice of appeal is considered "filed" even if it is sent to the incorrect court office within the unified judicial system. **See** Pa.R.A.P. 905(a)(4). Therefore, the notices of appeal were filed on May 6, 2022, the date that the Court Administration received and stamped the notices for Docket Nos. 897-2021 and 917-2021.

Moreover, we observe that, for the purposes of our disposition, this is a distinction without a difference. All three dates, May 3, 2022, May 6, 2022, and May 11, 2022, are beyond the 30-day window to file an appeal and, thus, are untimely. **See** Pa.R.A.P. 903(a).

On May 31, 2022, Attorney Kochis filed an Application for Extension of Time to file a Docketing Statement, alleging that the appeal at Docket No. 917-2021 was erroneous and indicating that she would correct the mistake. **See** Application for Extension of Time to File Criminal Docketing Statement, 5/31/22, at 1-2. On June 20, 2022, Attorney Kochis filed, in the trial court, a motion for *nunc pro tunc* relief to extend the time to file a notice of appeal at Docket No. 895-2021, and an accompanying notice of appeal for Docket No. 895-2021.[9] The trial court granted the request. Both Whitmarsh and the trial court complied with Pa.R.A.P. 1925.

On July 21, 2021, this Court issued a rule to show cause why Whitmarsh's appeal at Docket No. 897-2021 should not be quashed as untimely. **See** Rule to Show Cause, 7/21/22, at 1. Attorney Kochis filed a response, and this Court deferred disposition to the merits panel. **See** Response to Rule to Show Cause, 7/28/22, at 1-13;[10] **see also** Order Discharging Rule to Show Cause, 8/09/22, at 1.

Prior to addressing Attorney Kochis's **Anders** briefs and Whitmarsh's claims, we must address whether we have jurisdiction to entertain these

---

[9] Subsequently, on June 29, 2022, Attorney Kochis filed a Praecipe to Discontinue the appeal at Docket No. 917-2021, and, therefore, that appeal is no longer before this Court.

[10] We note that Attorney Kochis filed two Responses to this Court's Rule to Show Cause. However, throughout this memorandum, we cite only to the second response as they are identical with the exception that the second filing is the corrected response, which contains the various exhibits Attorney Kochis relies upon.

appeals. ***See Commonwealth v. Yarris***, 731 A.2d 581, 587 (Pa. 1999) (appellate courts may raise issue of jurisdiction *sua sponte*). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004) (en banc) (citation omitted). "A direct appeal in a criminal proceeding lies from the judgment of sentence." ***Commonwealth v. Preacher***, 827 A.2d 1235, 1236 n.1 (Pa. Super. 2003). A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

Instantly, the appeal at Docket No. 897-2021 was filed on May 6, 2022, four days late and patently untimely. In her response to the rule to show cause, Attorney Kochis asserts that this untimeliness should be excused because the trial court did not advise Whitmarsh of her appellate rights and, thus, there was a breakdown in the court processes. ***See*** Response to Rule to Show Cause, 7/28/22, at 5-6. In the alternative, Attorney Kochis argues that she did not receive the trial court's order appointing her to represent Whitmarsh until May 11, 2022, at the same time she received the trial court's order for a Rule 1925(b) statement.

Regarding Attorney Kochis's first contention, we disagree. It is apparent from the record that the trial judge directed Whitmarsh's counsel to advise her of her appellate rights, who stated, on the record, "Ms. Whitmarsh, you have ten days to file for motions for reconsideration and you have **30 days to file for an appeal in Superior Court**." N.T. Sentencing Hearing, 3/28/22, at 13 (emphasis added).

While this advice was ultimately erroneous due to trial counsel specifying a **single** appeal, *see Commonwealth v. Larkin*, 235 A.3d 350, 353 (Pa. Super. 2020) (breakdown occurs where appellant acts on misinformation conveyed to him by trial court),[11] it is irrelevant in this circumstance. In *Larkin*, the defendant filed a single timely notice of appeal from a sentencing order that resolved two dockets. *See id.* at 352. Notably, this Court relied upon the **initial timely** notice of appeal and concluded that there was a breakdown where the trial court had misadvised the defendant regarding the number of notices of appeal he was required to file. *See id.* at 353.

Instantly, none of Whitmarsh's appeals was timely and, therefore, there is no breakdown in court processes under *Larkin* to excuse Whitmarsh's late filing of the notice of appeal for Docket No. 897-2021.

Regarding Attorney Kochis's second contention that she did not receive notice of her appointment until May 11, 2022, we find this assertion to be similarly unavailing. Indeed, in Attorney Kochis's Response to the Rule to Show Cause, she candidly states that she was aware of her appointment on or about April 20, 2022, twelve days before the notice of appeal was due. *See* Response to Rule to Show Cause, 7/28/22, at 2. Additionally, it is similarly

---

[11] In unpublished decisions, this Court has concluded that where the trial judge orders counsel to advise a defendant of his or her appellate rights and does so **erroneously** without correction from the trial judge, the exception in *Larkin* applies. *See Commonwealth v. Nelson*, 240 A.3d 993 (Pa. Super. 2020) (Table); *Commonwealth v. Robinson*, 256 A.3d 20 (Pa. Super. 2021) (Table).

clear from the record that Attorney Kochis's appointment was entered into the record on April 21, 2022. **See** Order, 4/21/22, at 1 (appointing Attorney Kochis). Furthermore, the record also reveals that Attorney Kochis mailed the untimely notices of appeal on May 3, 2022, 8 days before she purportedly received the trial court's order.[12] **See** Response to Rule to Show Cause, 7/28/22, at 1-6. Thus, it is clear that Attorney Kochis knew of her appointment in plenty of time to file timely notices of appeal in the above captioned causes. Accordingly, no breakdown has occurred to excuse the untimely filings for any of Whitmarsh's appeal.

Finally, regarding the above-captioned Docket No. 895-2021, we are compelled to quash because the trial court lacked the authority to grant *nunc pro tunc* relief. As stated above, Attorney Kochis filed an erroneous appeal at Docket No. 917-2021, which had been dismissed pursuant to Whitmarsh's plea agreement. That appeal was filed on the 34th day, in excess of the 30-day appeal limit. Then, on June 20, 2022, 80 days after the sentencing order, Attorney Kochis filed a motion for *nunc pro tunc* relief. **See** Petition for Leave to Appeal *Nunc Pro Tunc*, 6/20/22, at 1-3 (unnumbered).

It is well-settled that post-sentence motions must be filed within 10-days of the judgment of sentence, otherwise they do not toll the 30-day notice of appeal time limit. **See** Pa.R.Crim.P. 720(A)(1) (requiring post-sentence

---

[12] Even if the notices were not mailed on May 3, 2022, as Attorney Kochis avers, the notices were nevertheless marked as "received" by Court Administration on May 6, 2022, which occurred five days prior to Attorney Kochis's stated receipt of the trial court's order.

motions be filed within 10 days of judgment of sentence); *see also*
***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015)
(untimely post-sentence motions do not toll 30-day appeal period).  However,
an exception exists where an appellant filed a post-sentence motion *nunc pro*
*tunc* within 30 days of the judgment of sentence, so long as the defendant
satisfies two requirements.  ***Id.***  "First, within **30 days** of [the] imposition of
sentence, a defendant must request the trial court to consider a post-sentence
motion *nunc pro tunc*[.]  Second, the trial court must expressly permit the
filing of a post-sentence motion *nunc pro tunc*, also within 30 days of [the]
imposition of sentence."  ***Id.*** (emphasis added)

Instantly, Attorney Kochis's petition for *nunc pro tunc* relief is a post-
sentence motion for *nunc pro tunc* relief.  Additionally, it was filed well in
excess of the 30-day limit to file a post-sentence motion *nunc pro tunc*.  ***See***
***id.***; ***see also*** Pa.R.Crim.P. 720(A)(1).  Therefore, the trial court lacked the
authority to grant an enlargement of time within which Whitmarsh could file a
notice of appeal at Docket No. 895-2021.  Accordingly, we are compelled to
quash this appeal as well.[13]

_____

[13] We note that this procedural morass is not the final stop for Whitmarsh.
Generally, failure to perfect a requested direct appeal constitutes *per se*
ineffective assistance of counsel the Post Conviction Relief Act, 42 Pa.C.S.A.
§§ 9541-9546, and may constitute grounds for the reinstatement of direct
appeal rights. ***See Commonwealth v. Lantzy***, 736 A.2d 564, 572 (Pa. 1999)
(unjustified failure to file requested appeal is per se ineffectiveness).
Whitmarsh has one year from the date of her judgment of sentence became
final to file a timely PCRA Petition raising this claim. ***See Commonwealth v.***
***Ballance***, 203 A.3d 1027, 1033 (Pa. Super. 2019) (quashed direct appeal
does not enlarge time to file timely PCRA).

Having concluded that we lack jurisdiction, we cannot review counsel's petition to withdraw, the **Anders** brief or the record to determine whether we agree with counsel's assessment that the appeal is frivolous. This appeal is quashed for lack of jurisdiction.

Appeals quashed. Application to withdraw as counsel dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/27/2023