J-S23027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMMANUEL RENTERIA | : | |
| | : | |
| Appellant | : | No. 3185 EDA 2024 |

Appeal from the PCRA Order Entered October 28, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003746-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMMANUEL RENTERIA | : | |
| | : | |
| Appellant | : | No. 94 EDA 2025 |

Appeal from the PCRA Order Entered November 14, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003898-2015

BEFORE:  STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JULY 21, 2025**

Emmanuel Renteria (Appellant), *pro se*, appeals from the orders dismissing, as untimely filed, his serial petition[1] filed pursuant to the Post Conviction Relief Act (PCRA).[2] After careful consideration, we affirm.

In a prior appeal, this Court summarized the procedural history relevant to our review:

> On May 12, 2016[,] at docket number CP-15-CR-0003898 of 2015, (No. 3898), a jury found Appellant guilty of ten counts of robbery and related offenses. On April 1, 2016, at docket number CP-15-CR-0003746 of 2015 (No. 3746), Appellant pled guilty to three counts of robbery and one count of conspiracy to commit robbery. On July 15, 2016, the trial court imposed sentence at both dockets—an aggregate total of 28½ to 57 years of incarceration. This Court affirmed the judgments of sentence in a consolidated appeal on August 2, 2017. [**Commonwealth v. Renteria**, 175 A.3d 1043, 2657 EDA 2016 (Pa. Super. 2017) (unpublished memorandum).] This Court concluded, among other things, that Appellant's challenge to the discretionary aspects of his sentence at No. 3898 was waived[,] because he failed to preserve the issue pursuant to Pa.R.A.P. 2119(f).
>
> Appellant filed a timely first PCRA petition at both dockets on May 7, 2018. That petition was resolved by an agreement of the parties, pursuant to which Appellant was resentenced to a lower sentence at No. 3746 in exchange for dismissal of all remaining claims, including those pending as to No. 3898. The parties also agreed that, in the event of a successful challenge to the newly agreed[-]upon sentence, the prior sentence would be reimposed. **The trial court accepted the agreement and imposed the modified judgment of sentence on November 15, 2018.**

_____

[1] Because Appellant filed identical petitions at both docket numbers, we collectively refer to them as the "petition."

[2] 42 Pa.C.S.A. §§ 9541-9546.

*Commonwealth v. Renteria*, 297 A.3d 728, Nos. 131 & 132 EDA 2022 (Pa. Super. 2023) (unpublished memorandum at 1-2) (emphasis added; footnote omitted; punctuation modified).  Appellant did not file a direct appeal from the amended judgment of sentence.

On September 4, 2019, Appellant timely filed, at both dockets, his first PCRA petition following his 2018 resentencing.  Petition, 9/4/19.  Appellant raised two ineffectiveness claims.  *Renteria*, (unpublished memorandum at 3).  The PCRA court ultimately dismissed Appellant's petition, and on April 18, 2023, this Court affirmed the PCRA court's order.  *Id.* (unpublished memorandum at 7).

On February 22, 2024, Appellant filed, at both docket numbers, the *pro se* PCRA petition underlying the instant appeal.  On May 31, 2024, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Appellant's petition without a hearing.  Rule 907 Notice, 5/31/24.  Appellant filed a response.  By orders entered on October 28, 2024, and November 14, 2024, the PCRA court dismissed Appellant's petition.  Appellant timely filed notices of appeal at each docket number.  Appellant and the PCRA court have complied with Pa.R.A.P. 1925.  On May 1, 2025, this Court consolidated the appeals for disposition.

Appellant presents the following issues for our review:

I. [Whether the PCRA] court erred as a matter of law or fact when it dismissed [Appellant's] PCRA Petition without a hearing?

II. Did the trial court err [regarding the] plea agreement when the Commonwealth breached [Appellant's] plea agreement, and sentence was imposed to run consecutive instead of concurrent?

III. [Whether the trial court erred in admitting] hearsay testimony … as substantive evidence, in violation of [Appellant's] constitutional right under the Sixth Amendment to directly confront and cross-examine the testimony of two key witnesses against him, Eleazar Aguilar and Roberto Escamilla?

IV. [Whether] the trial court erred in admitting text messages and transcript[s] of text messages over the objection of [Appellant's] counsel, where the text[s] were not properly authenticated[;] there was no foundation of evidence that [Appellant] was associated with the cell phone number[;] the author of the text messages could not be ascertained[;] and [the text messages] were offered for the truth of the matter asserted?

Appellant's Brief at vi (capitalization modified).

In reviewing an order dismissing a PCRA petition, our standard of review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation and internal quotation marks omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Before addressing the substantive merits of Appellant's claims, we first determine whether Appellant timely filed his PCRA petition. A petition's timeliness implicates the jurisdiction of both the PCRA court and this Court.

- 4 -

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019).  The

PCRA requires that "[a]ny petition under this subchapter, including a second

or subsequent petition, shall be filed within one year of the date the judgment

becomes final[.]"    42 Pa.C.S.A. § 9545(b)(1).    A judgment of sentence

becomes final "at the conclusion of direct review … or at the expiration of time

for seeking the review."  *Id.* § 9545(b)(3).

> The time for seeking direct review expires after 30 days if a
> defendant does not file a direct appeal within 30 days of his
> judgment of sentence[,] or a post-sentence motion within 10 days
> of imposition of sentence.  *Commonwealth v. Green*, … 862
> A.2d 613, 615 (Pa. Super. 2004) (*en banc*); Pa.R.Crim.P.
> 720(A)(1)-(3).

*Commonwealth v. Skundrich*, 327 A.3d 218, 221 (Pa. Super. 2024).

Instantly, the trial court entered Appellant's new, agreed-upon sentence

on November 15, 2018.  Appellant did not file a post-sentence motion or direct

appeal from this sentence.  Consequently, Appellant's judgment of sentence

became final 30 days later, on December 15, 2018.  *See id.*  Because

December 15, 2018, fell on a Saturday, Appellant had until Monday, December

17, 2018, to file a direct appeal.[3]  The PCRA thus required Appellant to file

any PCRA petition within one year from that date—by Tuesday, December 17,

---

[3] *See* 1 Pa.C.S.A. § 1908 (providing that "[w]henever the last day of [the
filing period] shall fall on Saturday or Sunday, or on any day made a legal
holiday by the laws of this Commonwealth or of the United States, such day
shall be omitted from the computation.").

2019. *See id.* Appellant's instant PCRA petition, filed on February 22, 2024, is facially untimely.

> However, the PCRA
>
> provides three exceptions to the one-year jurisdictional time-bar, the applicability of which a petitioner must plead and prove. *See* 42 Pa.C.S.[A.] § 9545(b)(1)(i)-(iii); [*Commonwealth v.*] *Abu-Jamal*, 941 A.2d [1263,] 1268 [(Pa. 2008)] (providing that PCRA petitioner has "burden to allege and prove that one of the timeliness exceptions applies").....

*Commonwealth v. Towles*, 300 A.3d 400, 415 (Pa. 2023).

Appellant asserts two exceptions to the PCRA's timeliness requirement based upon newly-discovered facts and governmental interference. Appellant's Brief at 13; *see also* 42 Pa.C.S.A. § 9545(b)(2)(ii)-(iii).

> [T]he "governmental interference" exception—set forth in Section 9545(b)(1)(i) of the PCRA—requires a petitioner to establish that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States," and the "newly discovered facts" exception—set forth in Section 9545(b)(1)(ii) of the PCRA—requires a petitioner to show that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.[A.] § 9545(b)(1)(i)-(ii)....

*Towles*, 300 A.3d at 415.

Regarding the governmental interference exception, Appellant claims the Department of Corrections failed to provide Appellant with a timely copy of his DC-16E Inmate Status Sheet, which would have notified him that the trial court imposed consecutive sentences. Appellant's Brief at 14. Appellant also claims he newly discovered the imposition of consecutive sentences

- 6 -

through an inmate status sheet dated January 30, 2024. *Id.* Appellant failed to demonstrate he could not have discovered this purported error earlier, by exercising due diligence. Thus, Appellant failed to establish an exception to the timeliness requirement. *See Towles*, 300 A.3d at 415.

Finally, to the extent Appellant challenges various evidentiary rulings by the trial court, we conclude these claims fail to establish any exception to the PCRA's timeliness requirement. As the PCRA court explained,

> Appellant challenges the evidentiary decisions made by the trial court during the 2016 jury trial. Appellant is required to plead and prove: (1) that his "failure to raise [these claims] previously was the result of interference by government officials ... in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States" (*Commonwealth v. Chester*, 895 A.2d 520, 523 (Pa. 2006)), and (2) that he could not have obtained the information earlier with the exercise of due diligence. … *Abu-Jamal*, 941 A.2d [at] 1268 ….
>
> Appellant cannot meet his burden. First, Appellant fails to identify any actions of interference by the court, and the record is devoid of any evidence demonstrating that the court restricted Appellant from bringing his claims until 2024. Second, Appellant was aware of the court's evidentiary decisions in 2016, eight years prior to his present 2024 petition. As a result, Appellant's petition is time-barred ….

PCRA Court Opinion, 2/1/25, at 8. We agree with and adopt the PCRA court's analysis and conclusion. *See id.* Appellant failed to establish a timeliness exception on this basis.

Because Appellant has failed to establish an exception to the PCRA's timeliness requirement, we affirm the PCRA court's orders dismissing his petition.

Orders affirmed.

Judge Stabile joins the memorandum.

Judge Sullivan did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2025